# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE HUMANE SOCIETY OF THE
UNITED STATES, et al.,

      Plaintiffs,

v.

SALLY JEWELL,[1] et al.,

      Defendants.

No. 1:13-CV-00186-BAH

**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT, ECF NO. 1**

## FEDERAL DEFENDANTS' ANSWER

Federal Defendants Sally Jewell, Secretary of the Interior, United States Department of the Interior and United States Fish and Wildlife Service (collectively "Federal Defendants"), hereby answer the allegations contained in Plaintiffs' Complaint for Declaratory and Injunctive Relief, dated February 12, 2013, ECF No. 1, as follows.[2] The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint. In doing so, Federal Defendants do not intend to waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. All allegations of the

---

1 Sally Jewell is substituted automatically. *See* Fed. R. Civ. P. 25(d).

2 Should the Court reach the merits of the claims raised in this case, the claims will be reviewed pursuant to the judicial review provisions of the Administrative Procedure Act, 5 U.S.C. § 706. Accordingly, the allegations of fact in the Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action. *See American Bioscience v. Thompson*, 269 F.3d 1077, 1083-84 (D.C. Cir. 2001) ("[W]hen a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The "entire case" on review is a question of law."). Nonetheless, Federal Defendants herein respond to the numbered paragraphs of the Complaint.

Complaint that are not specifically admitted, denied or qualified are hereby expressly denied.

## **INTRODUCTION**

1.      The allegations in sentence 1 of Paragraph 1 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required. To the extent a further response is required, the allegations are denied. The allegations in sentence 2 of this paragraph purport to characterize several judicial opinions, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, meaning, and context.

2.      The allegations in sentence 1 of Paragraph 2 are denied as vague and conclusory. The allegations in sentence 2 of this paragraph purport to characterize the Endangered Species Act ("ESA"), a statute which speaks for itself and whose text constitutes the best evidence of its meaning. Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the ESA. The allegations in sentence 3 constitute a conclusion of law to which no response is required. The allegations in sentence 4 are vague and ambiguous and are denied on that basis. The allegations in sentence 5 are denied as vague and conclusory. To the extent a further response is required to the allegations in this paragraph, they are denied.

3.      The allegations in the first half of the first sentence of Paragraph 3 purport to characterize the Minnesota Wolf Management Plan, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, meaning, and context. The allegations in the second half of the first sentence of Paragraph 3 are denied as vague and conclusory. The allegations in sentences 2 and 3 of this paragraph purport to characterize legislation enacted by the states of Wisconsin and Minnesota, which speaks for itself and provides

the best evidence of its contents. Defendants deny any allegations inconsistent with that legislation's plain language, meaning, and context. The allegations in sentence 4 constitute a conclusion of law to which no response is required. To the extent a further response is required, Defendants deny the allegations.

4.      The allegations in sentence 1 are admitted that the gray wolf was one of the first species listed under the ESA. The remainder of the allegations in the first sentence of Paragraph 4 are denied as vague and conclusory. The allegations in sentence 2 of paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

5.      The allegations in sentence 1 of Paragraph 5 are denied as vague and conclusory. The allegations in sentence 2 of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

6.      The allegations in Paragraph 6 purport to characterize several judicial opinions, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegations inconsistent with their plain language, meaning, and context.

7.      The allegations in sentences 1 and 2 of Paragraph 7 purport to characterize a final rule issued by the Fish and Wildlife Service, 76 Fed. Reg. 81666 (Dec. 28, 2011) ("2011 Delisting Rule"), which speaks for itself and provides the best evidence of its contents. Defendants deny any allegations inconsistent with its plain language, meaning, and context. The allegations in sentences 3-5 of this paragraph are denied as vague and conclusory. To the extent a further response is required, Defendants deny the allegations.

8.      The allegations in sentence 1 of Paragraph 8 are denied as vague and conclusory. The allegations in sentence 2 of this paragraph are denied as vague and conclusory. The allegations in sentence 3 of this paragraph constitute conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations.

9.      The allegations in Paragraph 9 constitute conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations.

10.     The allegations in Paragraph 10 constitute conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

11.     The allegations in sentences 1 and 2 of Paragraph 11 constitute Plaintiffs' characterization of their litigation and legal conclusions concerning jurisdiction to which no response is required. Defendants admit the allegations in sentence 3 of this paragraph that Plaintiffs sent a letter to the Secretary styled as a notice, pursuant to 16 U.S.C. § 1540(g), more than 60 days prior to the commencement of the action. To the extent a further response is required, Defendants deny the allegations.

12.     The allegations in Paragraph 12 consist of legal conclusions regarding venue, to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## PARTIES

13.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 13. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

14.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 14. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

15.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 15. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

16.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in Paragraph 16. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

17.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in the first four sentences of Paragraph 17. The allegations in the first half of sentence 5 of this paragraph are denied as vague and conclusory. Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations in the second half of sentence 5 of this paragraph. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

18.     The allegations in Paragraph 18 constitute conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations as vague and conclusory.

19.     Defendants admit the allegations in sentences 1 and 2 of Paragraph 19 that the U.S. Fish and Wildlife Service is a federal agency within the Department of the Interior and has been delegated responsibility from the Secretary of the Interior for administration of the ESA as it pertains to certain species of fish, wildlife and plants. The extent to which the Service is authorized and required by law

to protect and manage the fish, wildlife and native plant resources of the United States is spelled out in several authorizing statutes that speak for themselves and provide the best evidence of their contents. The remainder of the allegations in this paragraph consists of legal conclusions or Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a further response is required, the allegations are denied.

## **LEGAL FRAMEWORK**

### The Endangered Species Act

20.     The allegations in Paragraph 20 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the statute.

21.     The allegations in Paragraph 21 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the statute.

22.     The allegations in Paragraph 22 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the statute.

23.     The allegations in Paragraph 23 purport to characterize the ESA, a statute that speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the statute.

24.     The allegations in Paragraph 24 purport to characterize a judicial opinion, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the opinion.

25.     The allegations in Paragraph 25 purport to characterize the ESA and implementing regulations, which speak for themselves and contain the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute and regulation.

26.     The allegations in Paragraph 26 purport to characterize the ESA and implementing regulations, which speak for themselves and contain the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute and those regulations.

27.     The allegations in Paragraph 27 purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute.

28.     The allegations in Paragraph 28 purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute.

29.     The allegations in Paragraph 29 purport to characterize the ESA and an implementing regulation, which speak for themselves and contain the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute and regulation.

30.     The allegations in Paragraph 30 purport to characterize the ESA, its implementing regulations, and a Federal Register notice, which speak for themselves and contain the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute, those regulations, and that Federal Register notice.

<u>The Distinct Population Segment Policy</u>

31.     The allegations in Paragraph 31 purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute.

32.     The allegations in Paragraph 32 purport to characterize the ESA and a Federal Register notice, which speak for themselves and contain the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute and Federal Register notice.

33.     The allegations in Paragraph 33 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

34.     The allegations in Paragraph 34 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

35.     The allegations in Paragraph 35 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

36.     The allegations in Paragraph 36 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

37.     The allegations in Paragraph 37 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

38.     The allegations in Paragraph 38 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

39.     The allegations in Paragraph 39 contain conclusions of law to which no response is required. To the extent a further response is required, the allegations in this paragraph purport to characterize the ESA, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute.

### The Administrative Procedure Act

40.     The allegations in Paragraph 40 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.     The allegations in Paragraph 41 purport to characterize the Administrative Procedure Act ("APA"), which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute.

## FACTUAL BACKGROUND

### Gray Wolf Biology

42.     The allegations in sentence 1 of Paragraph 42 are admitted. Defendants admit the allegations in sentences 2 and 3 that those listed animals are some of the prey species for wolves, but deny that this is an exhaustive list of gray wolves' primary prey species. Defendants admit the allegations in sentence 4 that some wolves occasionally prey on livestock. The remainder of the allegations in the

fourth sentence of Paragraph 42 are denied. Defendants admit the allegations in sentence 5 of this paragraph that wolves are habitat generalists; the remaining allegations in sentence 5 are denied as vague and conclusory.

43.     The allegations in sentence 1 of Paragraph 43 that wolves are mobile animals are admitted; the remaining allegations in sentence 1 are denied as vague and conclusory. With regard to sentence 2 of this paragraph, Defendants admit the allegations. With regard to sentence 3 of this paragraph, Defendants admit that packs are primarily family groups consisting of a breeding pair, their pups from the current year, offspring from one or two previous years, and occasionally an unrelated wolf. To the extent not specifically admitted, the remaining allegations in sentence 3 of this paragraph are denied. The allegations in sentence 4 of this paragraph are denied as vague and conclusory. The allegations in sentence 5 of this paragraph are denied.  The allegations in sentences 6 through 9 of this paragraph purport to characterize studies which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the studies are denied. Defendants deny the remaining allegations in this paragraph.

44.     In response to the allegations contained in sentences 1 and 2 of Paragraph 44, Defendants admit that "[w]olves are social animals, normally living in packs of 2 to 12 wolves." 76 Fed. Reg. at 26095. Defendants further aver that lone dispersers are able to survive without a pack. The remaining allegations in sentence 2 of this paragraph are denied, and Defendants instead aver "[w]inter pack size in Michigan's Upper Peninsula (UP) averaged from 2.7 to 4.6 wolves during the 1995 through 2005 period and ranged from 2 to 14 wolves per pack (Huntzinger *et al.* 2005). Pack size in Wisconsin is similar, averaging 3.8 to 4.1 wolves per pack, and ranging from 2 to 11 wolves

in winter 2004–05 (Wydeven and Wiedenhoeft 2005). In Minnesota the average pack size found in the 1988–89, 1997–98, and 2003–04 winter surveys was higher—5.55, 5.4, and 5.3 wolves per pack, respectively (Erb and Benson 2004)." 76 Fed. Reg. at 26095. In response to the allegations in sentence 3 of this paragraph, Defendants aver that "[p]acks typically occupy, and defend from other packs and individual wolves, a territory of 20 to 214 square (sq) miles (mi) (50 to 550 sq kilometers (km)). Midwest wolf packs tend to occupy territories on the lower end of this size range. Michigan Upper Peninsula territories averaged 103 sq mi (267 sq km in 2000– 01 (Drummer *et al.* 2002), Wisconsin territories 37 sq mi (96 sq km) in 2004– 05 (Wydeven and Wiedenhoeft 2005), and Minnesota territory size averaged 39 sq mi (102 sq km) in 2003–04 (Erb and Benson 2004)." 76 Fed. Reg. at 26095. Any allegations contained in Paragraph 44 that are contrary to the foregoing or not otherwise admitted are denied.

45.     In response to the allegations in Paragraph 45, Defendants admit that "[y]earling wolves frequently disperse from their natal packs, although some remain with their natal pack. Adult wolves and pups older than 5 months also may disperse but at much lower frequencies (Fuller 1989).  Dispersers may range over large areas as lone animals after leaving their natal pack or they may locate suitable unoccupied habitat and a member of the opposite sex and begin their own pack.  These dispersal movements allow a wolf population to quickly expand and colonize areas of suitable habitat that are nearby or even those that are isolated by a broad area of unsuitable habitat."  76 Fed. Reg. at 26095. Any allegations contained in Paragraph 45 that are contrary to the foregoing or not otherwise admitted are denied.

46.     In response to the allegations in Paragraph 46, Defendants incorporate their response to Paragraph 45. Any allegations contained in Paragraph 46 that are contrary to the foregoing or not otherwise admitted are denied.

47.     The allegations in Paragraph 47 are denied as vague and conclusory.

48.     The allegations in Paragraph 48 are denied as vague and conclusory.

49.     The allegations in Paragraph 49 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

50.     In response to the allegations in Paragraph 50, Defendants admit that wolves are habitat generalists whose historical range included a majority of North America, including the Great Lakes region. Any allegations contained in this paragraph that are contrary to the foregoing or not otherwise admitted are denied.

<u>The Ecological Significance of the Gray Wolf</u>

51.     The allegations in sentence 1 of Paragraph 51 purport to characterize unidentified studies, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language and meaning of the studies are denied. The allegations in sentence 2 are vague and ambiguous and are therefore denied. In further response to the allegations in sentences 2 and 3 of Paragraph 51, Defendants deny that the ESA emphasizes ones type of species (e.g., "umbrella species") over another.

52.     The allegations in Paragraph 52 are denied as vague and conclusory.

53.     Defendants deny the allegations contained in Paragraph 53 to the extent that Plaintiffs allege that the gray wolf should not be delisted because it "maintain[s] the delicate balance

between species." The remaining allegations contained in this paragraph are vague and conclusory and are therefore denied.

54.     The allegations in sentence 1 of Paragraph 54 are denied as vague and ambiguous. The allegations in sentence 2 of this paragraph purport to characterize studies, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of those studies. The allegations in sentence 3 of this paragraph purport to characterize a provision of the ESA and its legislative history, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that statute and its legislative history. The allegations in sentences 4-6 of Paragraph 54 are denied as vague and conclusory.

55.     The allegations in Paragraph 55 are denied as vague and conclusory.

56.     In response to Paragraph 56, Defendants admit that wolves provide scavengers with carcasses to feed on. To the extent that Plaintiffs allege that the gray wolf should not be delisted because its presence benefits other species, any such allegation is denied. Any remaining allegations in this paragraph are denied.

57.     Defendants are without knowledge or information sufficient to form a basis as to the truth of the allegations contained in this paragraph, and on that basis, deny the allegations.

<u>The Wolf Was Persecuted to the Brink of Extinction</u>

58.     In response to the allegations in sentence 1 of Paragraph 58, Defendants admit that wolves are habitat generalists whose historical range included a majority of North America. Any allegations contained in that sentence that are contrary to the foregoing or not otherwise admitted

13

are denied. The allegations in sentence 2 of this paragraph are denied as vague and conclusory.

The allegations in sentence 3 of this paragraph are denied as vague and conclusory. The

allegations in sentences 4 and 5 of this paragraph cite to a document on the Fish and Wildlife

Service website and a Federal Register notice, which speak for themselves and provide the best

evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain

language and meaning of those documents.

59.     The allegations in sentence 1 of Paragraph 59 are admitted. The allegations in sentences

2-3 of this paragraph are denied as vague and conclusory. The allegations in sentence 4 are

admitted.

60.     Defendants deny the allegations in Paragraph 60 and further aver that there were likely a

few single dispersing wolves west of Michigan and Minnesota.

<u>The ESA's Mandate for Wolf Recovery</u>

61.     In response to the allegations in Paragraph 61, Defendants admit that the gray wolf was

listed under the Endangered Species Preservation Act of 1966 and was subsequently listed under

the ESA. Defendants deny the allegations contained in sentence 3 of this paragraph and aver that

various subspecies of wolves were listed in 1974 and 1976. Any remaining allegations contained

in this paragraph are denied.

62.     The allegations in Paragraph 62 are denied as vague and conclusory.

63.     The allegations in Paragraph 63 purport to characterize a Federal Register notice, which

speaks for itself and contains the best evidence of its contents. Federal Defendants deny any

allegation inconsistent with the plain language and meaning of the notice.

64.     The allegations in sentence 1 of Paragraph 64 are denied as vague and conclusory. In response to the allegations in sentence 2, Defendants admit that the Minnesota wolf population increased in numbers after 1978. In response to the allegations in sentence 3 of this paragraph, Defendants admit that the wolf population has recovered and increased its range as a result of its protected status. Any remaining allegations in this paragraph are denied as vague and conclusory.

65.     In response to the allegations in sentence 1 of Paragraph 65, Defendants admit that wolves dispersed from Minnesota into Wisconsin and then into Michigan. Any allegations contained in that sentence contrary to the foregoing or not otherwise admitted are denied. The allegations in sentence 2 are denied. The allegations in sentence 3 are denied as vague and conclusory.

66.     The allegations in sentences 1 and 2 of Paragraph 66 are denied. The allegations in sentences 3 and 4 are denied as vague and conclusory.

<u>The FWS' Previous Attempts to Reduce Protections for Wolves</u>

67.     The allegations in sentence 1 of Paragraph 67 are denied. The allegations in sentence 2 characterize several judicial opinions which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of those opinions.

68.     Defendants deny the allegations in sentence 1 of Paragraph 68 and further aver that FWS has permitted wolves to be taken pursuant to Section 10 of the ESA. The allegations in sentence 2 of this paragraph purport to characterize a judicial opinion, which speaks for itself and

provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that opinion.

69.     The allegations in Paragraph 69 purport to characterize a judicial opinion, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that opinion.

70.     The allegations in sentences 1 and 2 of Paragraph 70 are denied as vague and conclusory. The allegations in sentence 3 and 4 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations are denied.

71.     The allegations in sentence 1 of Paragraph 71 are denied as vague and conclusory. The allegations in sentences 2 and 3 of this paragraph purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

72.     The allegations in Paragraph 72 purport to characterize judicial opinions, which speak for themselves and provide the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of those opinions.

73.     The allegations in Paragraph 73 purport to characterize judicial opinions, which speak for themselves and provide the best evidence of their contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of those opinions.

74.     The allegations in sentences 1 and 2 of Paragraph 74 are denied. The allegations in sentence 3 of this paragraph purport to characterize a judicial opinion, which speaks for itself and provides the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of that opinion.

16

75.     The allegations in sentence 1 of Paragraph 75 are denied as vague and conclusory. The allegations in sentence 2 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

76.     The allegations in Paragraph 76 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

77.     The allegations in Paragraph 77 purport to characterize Federal Register notices, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those notices.

78.     The allegations in Paragraph 78 purport to characterize judicial opinions, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those opinions.

79.     The allegations in Paragraph 79 purport to characterize a judicial opinion, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that opinion.

80.     The allegations in Paragraph 80 purport to characterize a Federal Register notice, an opinion of the Solicitor of the Department of the Interior, and a press release, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents.

81.     The allegations in Paragraph 81 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

82.     The allegations in sentences 1-4 of Paragraph 82 purport to characterize the documents related to a federal district court case and a Federal Register notice, which speak for themselves, and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents.

<u>The 2011 Delisting Rule Challenged By This Action.</u>

83.     The allegations in Paragraph 83 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

84.     The allegations in Paragraph 84 purport to characterize a Federal Register notice and comments submitted by the interested public, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents.

85.     The allegations in Paragraph 86 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

86.     The allegations in Paragraph 86 purport to characterize a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that notice.

18

<u>The Delisting Rule Suffers from the Same Defects Previously Identified By Plaintiffs and</u>

<u>Multiple Federal Courts</u>

87.     The allegations in Paragraph 87 purport to characterize the 2011 Delisting Rule (76 Fed. Reg. at 81666), which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

88.     The allegations in Paragraph 88 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

89.     The allegations in Paragraph 89 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

90.     The allegations in Paragraph 90 purport to characterize a judicial opinion and the 2011 Delisting Rule, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents.

91.     The allegations in Paragraph 91 constitute conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

92.     The allegations in sentence 1 of Paragraph 92 purport to characterize the ESA and its implementing regulations, which speak for themselves, and provide the best evidence of their contents. To the extent a response is required, Defendants deny any allegation inconsistent with the plain language and meaning of that statute and those regulations. The allegations in sentence 2 of this paragraph are denied as vague and conclusory.

93.     Defendants deny the allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     The allegations in sentence 1 of Paragraph 95 constitute conclusions of law to which no response is required. The allegations in sentence 2 of this paragraph purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule. Defendants deny the remaining allegations in Paragraph 95 as vague and conclusory.

96.     The allegations in Paragraph 96 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

97.     Defendants deny the allegations in Paragraph 97.

The Statutory Requirements for Delisting Wolves Within the DPS Have Not Been Met

98.     Defendants deny the allegations in sentence 1 of Paragraph 98 as vague and conclusory. The allegations in the remainder of Paragraph 98 constitute conclusions of law to which no response is required. To the extent a further response is required, Defendants deny the allegations in this paragraph.

99.     Defendants deny the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

101.    The allegations in Paragraph 101 are denied.

102.     The allegations in sentence 1 of Paragraph 102 are denied as vague and conclusory. The allegation in sentence 2 of this paragraph that 6 of the 9 states included in the DPS do not have wolf management plans is admitted. The allegations in sentence 3 of this paragraph are denied. The allegations in sentence 4 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

103.     The allegations in sentences 1 of Paragraph 103 are denied. The allegations in sentence 2 of this paragraph are denied as vague and conclusory. The allegations in sentences 3-4 of this paragraph are denied. The allegations in sentences 5 and 6 of this paragraph are denied as vague and conclusory.

104.     The allegations in sentence 1 of Paragraph 104 are denied as vague and conclusory. The allegations in sentences 2-4 of this paragraph are admitted.

105.     The allegations in Paragraph 105 purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of that Rule.

106.     The allegations in Paragraph 106 purport to characterize state regulations governing wolves, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those regulations.

107.     The allegations in Paragraph 107 purport to characterize the Wisconsin state plan, which speaks for itself and provides the best evidence of its content. Defendants deny any allegation inconsistent with the plain language and meaning of that plan.

108.    The allegations in Paragraph 108 purport to characterize Michigan laws, which speaks for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of Michigan laws.

109.    The allegations in sentence 1 of Paragraph 109 are denied. The allegations in sentences 2 and 3 of this paragraph are denied as vague and conclusory.

110.    The allegations in sentences 1-2 of Paragraph 110 are admitted. The allegations in sentence 3 of this paragraph are denied.

111.    The allegations in sentence 1 of Paragraph 111 are denied except to admit that disease has resulted in a small number of wolf mortalities in Wisconsin. The allegations in sentences 2-3 of this paragraph are denied as vague and conclusory.

112.    The allegations in sentences 1-5 of Paragraph 112 purport to characterize the 2011 Delisting Rule, the proposed 2011 Delisting Rule, and the Recovery Plan for the Eastern Timber Wolf, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents. The allegations in sentence 6 are denied.

**CLAIMS FOR RELIEF**

<u>**COUNT 1**</u>

113.    Defendants restate and incorporate their prior responses to Plaintiffs' Complaint.

114.    The allegations in Paragraph 114 purport to characterize the Endangered Species Act ("ESA"), a statute which speaks for itself and whose text constitutes the best evidence of its meaning. Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the ESA.

115.     The allegations in Paragraph 115 purport to characterize a Federal Register notice, which speaks for itself and contains the best evidence of its contents. Federal Defendants deny any allegation inconsistent with the plain language and meaning of the notice.

116.     The allegations in Paragraph 116 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

117.     The allegations in Paragraph 117 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

118.     The allegations in sentences 1-2 of Paragraph 118 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The allegations in sentence 3 are denied.

119.     The allegations in Paragraph 119 are denied.

120.     The allegations in Paragraph 120 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT II

121.     Defendants restate and incorporate their prior responses to Plaintiffs' Complaint.

122.     The allegations in Paragraph 122 purport to characterize the ESA and a Federal Register notice, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the ESA and the notice.

123.     The allegations in Paragraph 123 purport to characterize the ESA, a judicial opinion, and the 2011 Delisting Rule, which speak for themselves and provide the best evidence of their

contents. Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the ESA and those documents.

124.    The allegations in sentences 1 and 4 of Paragraph 124 constitute conclusions of law to which no response is required. The allegations in sentences 2-3 of this paragraph purport to characterize the 2011 Delisting Rule, which speaks for itself and provides the best evidence of its contents. To the extent a further response is required, the allegations are denied.

125.    The allegations in sentence 1 of Paragraph 125 purport to characterize the ESA, a statute which speaks for itself and whose text constitutes the best evidence of its meaning. Defendants deny any allegation that is inconsistent with the plain language, meaning, and context of the ESA. The allegations in sentences 2-4 of this paragraph constitute conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

126.    The allegations in Paragraph 126 are conclusions of law to which no response is required. To the extent a further response is required, the allegations are denied.

## COUNT III

127.    Defendants restate and incorporate their prior responses to Plaintiffs' Complaint.

128.    The allegations in sentences 1-3 of Paragraph 128 purport to characterize the 2011 Delisting Rule, the proposed 2011 Delisting Rule, and the Recovery Plan for the Eastern Timber Wolf, which speak for themselves and provide the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language and meaning of those documents. The allegations in sentence 4 are denied.

129.    The allegations in sentences 1-2 of Paragraph 129 purport to characterize the 2011 Delisting Rule and the proposed 2011 Delisting Rule, which speak for themselves and provide

the best evidence of their contents. Defendants deny any allegation inconsistent with the plain

language and meaning of those rules. The allegations in sentence 3 are denied.

130.    The allegations in Paragraph 130 constitute conclusions of law to which no response is

required. To the extent a response is required the allegations are denied.

## **RELIEF REQUESTED**

The remainder of the Complaint constitutes Plaintiffs' Request for Relief, to which no

response is required. To the extent a further response may be required, Defendants deny that

Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## **GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not otherwise expressly

admitted, qualified, or denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs lack standing to bring their claims in whole or in part.

2. Plaintiffs fail to state a claim upon which relief may be granted.

Wherefore, Federal Defendants deny that Plaintiffs are entitled to their requested relief,

or to any relief whatsoever, and request that this action be dismissed with prejudice, that

judgment be entered for the Defendants, and that the Court order such other and further relief as

the Court may allow.

Dated: April 23, 2013                    Respectfully submitted,


                                         IGNACIA S. MORENO
                                         Assistant Attorney General
                                         Environment & Natural Resources Division

                                         */s/ Andrea Gelatt*
                                         25

ANDREA GELATT, Trial Attorney
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0388 | (202) 305-0275 (fax)
andrea.gelatt@usdoj.gov

MICHAEL R. EITEL, Trial Attorney
1961 Stout Street, 8th Floor
Denver, Colorado 80294
(303) 844-1479 | (303) 844-1350 (fax)
Michael.Eitel@usdoj.gov

U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

Attorneys for Federal Defendants