# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

THE HUMANE SOCIETY
OF THE UNITED STATES
and BORN FREE, USA and
HELP OUR WOLVES LIVE ("HOWL")
and FRIENDS OF ANIMALS AND
THEIR ENVIRONMENT ("FATE"),

      Plaintiffs                          Civil Action No. 1:13-cv-00186-BAH

v

KENNETH SALAZAR,
SECRETARY OF THE INTERIOR and    **[PROPOSED] ANSWER TO**
UNITED STATES DEPARTMENT OF     **PLAINTIFFS' COMPLAINT**
THE INTERIOR and UNITED STATES
FISH AND WILDLIFE SERVICE,

      Defendants

and

STATE OF MICHIGAN
530 West Allegan Street
Lansing, MI 48915

and

MICHIGAN DEPARTMENT
OF NATURAL RESOURCES
530 West Allegan Street
Lansing, MI 48915,

      Defendant Intervenor Applicants.

_____

1

## [PROPOSED] ANSWER TO PLAINTIFFS' COMPLAINT

Defendants, the State of Michigan and the Michigan Department of Natural Resources (jointly, "the Michigan Defendants"), through their attorneys, Bill Schuette, Attorney General for the State of Michigan, and Pamela J. Stevenson and Stephen D. Thill, Assistant Attorneys General, file this Answer to the above-captioned Complaint as follows:

### Introduction

1.      The allegations contained in the first sentence of Paragraph 1 constitute Plaintiffs' characterizations of their case, and no response is required.  To the extent that a response is deemed required, the Michigan Defendants deny the allegations contained in the first sentence of Paragraph 1.  The Michigan Defendants admit the allegations contained in the second sentence of Paragraph 1.

2.      The Michigan Defendants deny the allegation contained in the first sentence of Paragraph 2 that "the gray wolf has started its recovery in the Great Lakes region," and the Michigan Defendants aver that the gray wolf population in the Western Great Lakes region has achieved the established recovery goals and that its long-term survival is no longer threatened.  The allegations contained in the second sentence of Paragraph 2 are conclusions of law to which no response is required.  The Michigan Defendants deny the allegations contained in the third and fifth sentences of Paragraph 2.  While the Michigan Defendants admit the allegations contained in the fourth sentence of Paragraph 2, the Michigan Defendants also aver that the taking was highly regulated, that appropriate

standards were established and enforced, and that the resulting take will have no impact on the overall abundance of the gray wolf population in the Western Great Lakes region.

3.      The allegations in the first, second, and third sentences of Paragraph 3 contain Plaintiffs' characterizations of Minnesota and Wisconsin laws, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The Michigan Defendants deny the allegations contained in the fourth sentence of Paragraph 3.

4.      The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 4.  The allegations contained in the second sentence of Paragraph 4 are conclusions of law to which no response is required.

5.      The Michigan Defendants deny the allegations contained in Paragraph 5.

6.      The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 6.  The second sentence of Paragraph 6 contains Plaintiffs' characterizations of a court decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

7.      The Michigan Defendants deny the allegations contained in Paragraph 7.

8.     The Michigan Defendants deny the allegations contained in Paragraph 8 and aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.

9.     The allegations contained in Paragraph 9 are conclusions of law to which no response is required.  To the extent that a response is deemed required, the Michigan Defendants deny the allegations contained in Paragraph 9.

10.     The allegations contained in Paragraph 10 are conclusions of law to which no response is required.  To the extent that a response is deemed required, the Michigan Defendants deny the allegations contained in Paragraph 10.

## Jurisdiction and Venue

11.     The allegations contained in the first and second sentences of Paragraph 11 are conclusions of law to which no response is required.  The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 11, and on that basis deny them.

12.     The allegations contained in Paragraph 12 are conclusions of law to which no response is required.  In further response to Paragraph 12, the Michigan Defendants aver that venue may be more appropriate in another district.

## Parties

13.     The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

13 concerning Plaintiff the Humane Society of the United States, and on that basis deny them.

14.     The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 concerning Plaintiff Born Free USA, and on that basis deny them.

15.     The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 concerning Plaintiff Help Our Wolves Live, and on that basis deny them.

16.     The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 concerning Plaintiff Friends of Animals and Their Environment, and on that basis deny them.

17.     The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, and fourth sentences of Paragraph 17, and on that basis deny them. The Michigan Defendants deny the allegations contained in the fifth sentence of Paragraph 17.

18.     The allegations contained in Paragraph 18 are conclusions of law to which no response is required.  To the extent that a response is deemed required, the Michigan Defendants deny the allegations contained in Paragraph 18.

19.     In response to the allegations contained in the first sentence of Paragraph 19, the Michigan Defendants admit that the Secretary of the Interior is

charged with administering the Endangered Species Act ("ESA") with respect to

certain species and that the Secretary of the Interior has delegated his authority to

the United States Fish and Wildlife Service ("FWS").  The allegations contained in

the second sentence of Paragraph 19 are conclusions of law to which no response is

required.  The allegations contained in the third sentence of Paragraph 19

constitute Plaintiffs' characterizations of their case, and no response is required.

## Legal Framework

20.     The allegations in Paragraph 20 contain Plaintiffs' characterizations of

the ESA, which speaks for itself and provides the best evidence of its contents.  Any

allegations contrary to its plain language and meaning are denied.

21.     The allegations in Paragraph 21 contain Plaintiffs' characterizations of

the ESA, which speaks for itself and provides the best evidence of its contents.  Any

allegations contrary to its plain language and meaning are denied.

22.     The allegations in Paragraph 22 contain Plaintiffs' characterizations of

the ESA, which speaks for itself and provides the best evidence of its contents.  Any

allegations contrary to its plain language and meaning are denied.

23.     The allegations in Paragraph 23 contain Plaintiffs' characterizations of

the ESA, which speaks for itself and provides the best evidence of its contents.  Any

allegations contrary to its plain language and meaning are denied.

24.     Paragraph 24 contains Plaintiffs' characterizations of the ESA and a

court decision interpreting the ESA, which speak for themselves and provide the

best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

25.    The allegations in Paragraph 25 contain Plaintiffs' characterizations of the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

26.    The allegations in Paragraph 26 contain Plaintiffs' characterizations of the ESA and its implementing regulations, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

27.    The allegations in Paragraph 27 contain Plaintiffs' characterizations of the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The Michigan Defendants further aver that the gray wolf population of the Western Great Lakes region long ago exceeded Federal recovery goals that were first established in 1978 and later reaffirmed in 1992.

28.    The allegations in Paragraph 28 contain Plaintiffs' characterizations of the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

29.    The allegations in Paragraph 29 contain Plaintiffs' characterizations of the ESA and its implementing regulations, which speak for themselves and provide

the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

30.     Paragraph 30 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

31.     The allegations in Paragraph 31 contain Plaintiffs' characterizations of the ESA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

32.     Paragraph 32 contains Plaintiffs' characterizations of the ESA and a Federal Register notice, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

33.     Paragraph 33 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

34.     Paragraph 34 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

35.     Paragraph 35 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

36.     Paragraph 36 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

37.     Paragraph 37 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

38.     Paragraph 38 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

39.     The Michigan Defendants deny the allegations contained in Paragraph 39.

40.     The allegations in Paragraph 40 contain Plaintiffs' characterizations of the Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

41.     The allegations in Paragraph 41 contain Plaintiffs' characterizations of the APA, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

## Factual Background

42.     In response to the allegations in Paragraph 42 regarding the gray wolf's size, the Michigan Defendants admit that "Gray wolves are the largest wild members of the Canidae, or dog family, with adults ranging from 18 to 80 kilograms

9

(kg) (40 to 175 pounds (lb)) depending upon sex and subspecies (Mech 1974)." 71

Fed. Reg. 15266, 15266 (Mar. 27, 2006).  In response to the allegations in Paragraph

42 regarding the gray wolf's preferred prey, the Michigan Defendants admit that

"Wolves primarily are predators of medium and large mammals.  Wild prey species

in North America include white-tailed deer (*Odocoileus virginianus*) and mule deer

(*O. hemionus*), moose (*Alces alces*), elk (*Cervus elaphus*), woodland caribou (*Rangifer

caribou*) and barren ground caribou (*R. arcticus*), bison (*Bison bison*), muskox

(*Ovibos moschatus*), bighorn sheep (*Ovis canadensis*) and Dall sheep (*O. dalli*),

mountain goat (*Oreamnos americanus*), beaver (*Castor canadensis*), snowshoe hare

(*Lepus americanus*), and muskrat (*Ondatra zibethicus*), with small mammals, birds,

and large invertebrates sometimes being taken (Chavez and Gese 2005, Mech 1974,

Stebler 1944, [Wisconsin Department of Natural Resources] 1999, Huntzinger *et al*.

2005).  In the [Western Great Lakes DPS], during the last 25 years, wolves have

also killed domestic animals including horses (*Equus caballus*), cattle (*Bos taurus*),

sheep (*Ovis aries*), goats (*Capra hircus*), llamas (*Lama glama*), pigs (*Sus scrofa*),

geese (*Anser sp.*), ducks (*Anas sp.*), turkeys (*Meleagris gallopavo*), chickens (*Gallus

sp.*), guinea fowl (*Numida meleagris*), pheasants (*Phasianus colchicus*), [domestic]

dogs, [domestic] cats (*Felis catus*), and captive white-tailed deer (Paul 2004, 2005;

Wydeven 1998; Wydeven et al. 2001; Wydeven and Wiedenhoeft 1999, 2000, 2001,

2005)."  *Id.* at 15266-67.  The Michigan Defendants admit that wolves are habitat

generalists.  Any allegations contained in Paragraph 42 that are contrary to the

foregoing or not otherwise admitted are denied.  The Michigan Defendants further

aver that wolf prey is generally chosen based on availability and vulnerability, and that there is no evidence for the proposition that livestock depredation has occurred in Michigan because "natural prey species have been eliminated or greatly diminished."

43.     In response to the allegations in Paragraph 43 regarding the gray wolf's range, the Michigan Defendants admit that "Packs typically occupy, and defend from other packs and individual wolves, a territory of 50 to 550 square kilometers (km) (20 to 214 square miles (mi))." *Id.* at 15267.  In response to the allegations contained in the second sentence of Paragraph 43, the Michigan Defendants admit that "Wolves are social animals, normally living in packs of 2 to 12 wolves." *Id.*  With regard to the remainder of Paragraph 43, the Michigan Defendants admit that "Packs are primarily family groups consisting of a breeding pair, their pups from the current year, offspring from one or two previous years, and occasionally an unrelated wolf. . . .  Normally, only the top-ranking ('alpha') male and female in each pack breed and produce pups." *Id.*  Any allegations contained in Paragraph 43 that are contrary to the foregoing or not otherwise admitted are denied.

44.     In response to the allegations contained in the first and second sentences of Paragraph 44, the Michigan Defendants admit that "Wolves are social animals, normally living in packs of 2 to 12 wolves." *Id.*  In response to the allegations in Paragraph 44 regarding the gray wolf's range, the Michigan Defendants admit that "Packs typically occupy, and defend from other packs and

individual wolves, a territory of 50 to 550 square kilometers (km) (20 to 214 square miles (mi)).” *Id.* Any allegations contained in Paragraph 44 that are contrary to the foregoing or not otherwise admitted are denied.

45.     In response to the allegations contained in Paragraph 45, the Michigan Defendants admit that “Yearling wolves frequently disperse from their natal packs, although some remain with their natal pack. Adult wolves and pups older than 5 months also may disperse but at much lower frequencies (Fuller 1989). Dispersers may range over large areas as lone animals after leaving their natal pack or they may locate suitable unoccupied habitat and a member of the opposite sex and begin their own pack. These dispersal movements allow a wolf population to quickly expand and colonize areas of suitable habitat that are nearby or even those that are isolated by a broad area of unsuitable habitat.” *Id.* Any allegations contained in Paragraph 45 that are contrary to the foregoing or not otherwise admitted are denied.

46.     In response to the allegations contained in Paragraph 46, the Michigan Defendants admit that “Yearling wolves frequently disperse from their natal packs, although some remain with their natal pack. Adult wolves and pups older than 5 months also may disperse but at much lower frequencies (Fuller 1989). Dispersers may range over large areas as lone animals after leaving their natal pack or they may locate suitable unoccupied habitat and a member of the opposite sex and begin their own pack. These dispersal movements allow a wolf population to quickly expand and colonize areas of suitable habitat that are nearby or even those that are

isolated by a broad area of unsuitable habitat." *Id.* Any allegations contained in Paragraph 46 that are contrary to the foregoing or not otherwise admitted are denied.

47.     The Michigan Defendants deny the allegations contained in Paragraph 47. The Michigan Defendants further aver that dispersal is crucial to the *early stages* of wolf recovery and that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.

48.     The Michigan Defendants deny the allegations contained in Paragraph 48. The Michigan Defendants further aver that dispersal is crucial to the *early stages* of wolf recovery and that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.

49.     The Michigan Defendants admit the allegations contained in the first sentence of Paragraph 49. The second sentence of Paragraph 49 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

50.     The Michigan Defendants admit the allegations contained in Paragraph 50.

51.     The allegations contained in Paragraph 51 are vague and ambiguous and are therefore denied. In further response to the allegations contained in Paragraph 51, the Michigan Defendants deny that the ESA emphasizes one type of species (*e.g.*, "umbrella species") over another. The Michigan Defendants further

aver that the appropriateness of characterizing the gray wolf as an "umbrella species" is a matter of scientific debate.

52.     The allegations contained in Paragraph 52 are vague and ambiguous and are therefore denied.

53.     The Michigan Defendants deny the allegations contained in Paragraph 53 to the extent that Plaintiffs allege that the gray wolf should not be delisted because it "drives the mix back to a supportable structure." The remaining allegations contained in Paragraph 53 are vague and ambiguous and are therefore denied.

54.     The allegations contained in the third sentence of Paragraph 54 characterize the ESA and its legislative history, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The remaining allegations contained in Paragraph 54 are vague and ambiguous and are therefore denied.

55.     The allegations contained in Paragraph 55 are vague and ambiguous and are therefore denied.

56.     In response to Paragraph 56, the Michigan Defendants admit that the presence of wolves may benefit other species such as large ungulates and scavengers. To the extent that Plaintiffs allege that the gray wolf should not be delisted because its presence benefits other species, any such allegation is denied. Any remaining allegations contained in Paragraph 56 are denied.

57.    The Michigan Defendants deny the allegations contained in Paragraph 57 to the extent that Plaintiffs allege that the gray wolf should not be delisted because it provides "significant scientific and aesthetic value to individuals who are interested in observing and studying wildlife." The Michigan Defendants admit the remaining allegations contained in Paragraph 57.

58.    The Michigan Defendants admit the allegations contained in the first and second sentences of Paragraph 58. The allegations contained in the third sentence of Paragraph 58 are vague and ambiguous and are therefore denied. The allegations contained in the fourth and fifth sentences of Paragraph 58 characterize a FWS reference document and a Federal Register notice, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

59.    The Michigan Defendants admit the allegations contained in the first sentence of Paragraph 59. The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 59. The allegations contained in the third and fourth sentences of Paragraph 59 are vague and ambiguous and are therefore denied.

60.    The Michigan Defendants admit the allegations contained in Paragraph 60.

61.    In response to the allegations contained in Paragraph 61, the Michigan Defendants admit that the gray wolf was listed under the Endangered Species Preservation Act of 1966 and was subsequently listed under the ESA. The

Michigan Defendants deny the allegations contained in the third sentence of Paragraph 61 and aver that various subspecies of wolves were listed in May of 1974 and May and June of 1976.  Any remaining allegations contained in Paragraph 61 are denied.

62.    The allegations contained in Paragraph 62 are vague and ambiguous and are therefore denied.

63.    In response to the allegations contained in Paragraph 63, the Michigan Defendants admit that FWS listed the gray wolf as an endangered species throughout the conterminous United States and Mexico, except in Minnesota, where wolves were listed as threatened.  Any remaining allegations contained in Paragraph 63 are denied.

64.    The allegations contained in the first sentence of Paragraph 64 are vague and ambiguous and are therefore denied.  The Michigan Defendants admit the allegations contained in the second sentence of Paragraph 64.  In response to the allegations contained in the third sentence of Paragraph 64, the Michigan Defendants admit that the wolf population has recovered and increased its range as a result of its protected status.  Any remaining allegations contained in Paragraph 64 are denied.

65.    The Michigan Defendants admit the allegations contained in the first sentence of Paragraph 65, and further aver that wolves most likely also immigrated to Michigan from Ontario, Canada.  The allegations contained in the second and third sentences of Paragraph 65 are vague and ambiguous and are therefore denied.

66.    The Michigan Defendants deny the allegations contained in the first and second sentences of Paragraph 66.  The allegations contained in the third and fourth sentences of Paragraph 66 are vague and ambiguous and are therefore denied.

67.    The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 67.  The second sentence of Paragraph 67 contains Plaintiffs' characterizations of court decisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

68.    Paragraph 68 contains Plaintiffs' characterizations of a court decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

69.    Paragraph 69 contains Plaintiffs' characterizations of a court decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

70.    The Michigan Defendants deny the allegations contained in Paragraph 70.

71.    Paragraph 71 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Any remaining allegations contained in Paragraph 71 are denied.

72.     Paragraph 72 contains Plaintiffs' characterizations of court decisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

73.     Paragraph 73 contains Plaintiffs' characterizations of court decisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

74.     The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 74.  The second and third sentences of Paragraph 74 contain Plaintiffs' characterizations of a permit issued by FWS and of a court decision, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The Michigan Defendants further aver that issuance of the FWS permit was a wildlife management action and that takings pursuant to that permit cannot accurately be characterized as a "hunt."

75.     The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 75.  The second sentence of Paragraph 75 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

76.     The Michigan Defendants deny the allegations contained in Paragraph 76.

77.     The first and second sentences of Paragraph 77 contain Plaintiffs' characterizations of Federal Register notices, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The Michigan Defendants deny the allegations contained in the third and fourth sentences of Paragraph 77.

78.     The Michigan Defendants admit the allegations contained in the first sentence of Paragraph 78.  The second and third sentences of Paragraph 78 contain Plaintiffs' characterizations of court decisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

79.     Paragraph 79 contains Plaintiffs' characterizations of a court decision, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

80.     Paragraph 80 contains Plaintiffs' characterizations of a Federal Register notice, a United States Department of the Interior memorandum, and a FWS press release, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

81.     The Michigan Defendants deny the allegations contained in Paragraph 81.

82.     Paragraph 82 contains Plaintiffs' characterizations of a prior lawsuit, a settlement agreement, a court order, and a Federal Register notice, which speak for

19

themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

83.     Paragraph 83 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

84.     The first sentence of Paragraph 84 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The allegations contained in the second sentence of Paragraph 84 are vague and ambiguous and are therefore denied.  The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 84, and on that basis deny them.

85.     Paragraph 85 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

86.     Paragraph 86 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

87.     The Michigan Defendants deny the allegations contained in Paragraph 87.

88.     The first sentence of Paragraph 88 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 88.

89.     The Michigan Defendants deny the allegations contained in Paragraph 89.

90.     The Michigan Defendants admit the allegations contained in the first sentence of Paragraph 90.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 90.

91.     The allegations contained in Paragraph 91 are conclusions of law to which no response is required.  To the extent that a response is deemed required, the Michigan Defendants deny the allegations contained in Paragraph 91.

92.     The Michigan Defendants deny that FWS has used the DPS tool "to hinder, rather than promote, species recovery," and the Michigan Defendants aver that FWS has used the DPS tool properly in the 2011 Final Rule.

93.     The Michigan Defendants deny the allegations contained in Paragraph 93.

94.     The Michigan Defendants deny the allegations contained in Paragraph 94.  The Michigan Defendants specifically deny that "the state governments within the carved-out DPS area have affirmed their intent to reduce, and inhibit further expansion of, current populations of the species."

95.     The first sentence of Paragraph 95 is a conclusion of law to which no response is required.  The second sentence of Paragraph 95 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  The Michigan Defendants admit the allegations contained in the third sentence of Paragraph 95.  The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of Paragraph 95, and on that basis deny them.

96.     The Michigan Defendants deny the allegations contained in Paragraph 96, and further aver that wolves are protected throughout Michigan.

97.     The Michigan Defendants deny the allegations contained in Paragraph 97.  The Michigan Defendants further aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.

98.     The allegations contained in Paragraph 98 regarding the gray wolf's "historic homeland" are vague and ambiguous and are therefore denied.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 98.  The third sentence of Paragraph 98 is a conclusion of law to which no response is required.  The Michigan Defendants deny the allegations contained in the fourth sentence of Paragraph 98, and aver that the gray wolf population in the Western Great Lakes region has achieved the established recovery goals and that its long-term survival is no longer threatened.

99.    The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 99, and aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.  The Michigan Defendants deny the allegations contained in the second and third sentences of Paragraph 99.  The Michigan Defendants specifically deny that "there are inadequate regulatory mechanisms in place for wolves" and deny the allegation of "overly hostile state management plans designed to precipitously reduce wolf populations to minimum levels."

100.    Paragraph 100 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.

101.    The Michigan Defendants deny the allegations contained in Paragraph 101, and aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.  The Michigan Defendants further aver that, even prior to implementation of the 2011 Final Rule, the State of Michigan, not FWS, bore the vast majority of financial and enforcement responsibility for wolf management in Michigan.

102.    The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 102.  The Michigan Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 102, and on that basis deny them.  The Michigan Defendants deny the allegations contained in the third sentence of Paragraph 102,

and aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal. The fourth sentence of Paragraph 102 contains Plaintiffs' characterizations of a Federal Register notice, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

103.    The Michigan Defendants deny the allegations contained in the first and second sentences of Paragraph 103, and further aver that hunting and trapping simply do not equate with "hostility." The allegations in the third, fourth, fifth, and sixth sentences of Paragraph 103 contain Plaintiffs' characterizations of Minnesota laws and wolf management plans, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

104.    The allegations in the first, second, and third sentences of Paragraph 104 contain Plaintiffs' characterizations of Wisconsin laws, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied. The allegations in the fourth sentence of Paragraph 104 contain Plaintiffs' characterizations of Michigan Public Act 520 of 2012, codified at Mich. Comp. Laws § 324.40103 *et seq.*, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The Michigan Defendants further aver that the Michigan Natural Resources Commission has not established a wolf hunting and/or trapping season.

105.   The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 105, and aver that, while the recovery criterion of 200 wolves was adopted in Michigan, 200 wolves was never intended as a target population size.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 105, and aver that, with regard to the Western Great Lakes DPS, there are few, if any, remaining areas of suitable habitat available for dispersal.

106.   The Michigan Defendants deny the allegations contained in the first sentence of Paragraph 106, and aver that the *Michigan Wolf Management Plan* does not "authorize[ ] the unregulated killing of wolves" under any circumstances.  The allegations in the second, third, and fourth sentences of Paragraph 106 contain Plaintiffs' characterizations of Minnesota laws, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

107.   Paragraph 107 contains Plaintiffs' characterizations of Wisconsin laws, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.

108.   The allegations contained in the first sentence of Paragraph 108 are vague and ambiguous and are therefore denied.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 108.  The allegations contained in the second sentence of Paragraph 108 presumably refer to Michigan Public Act 290 of 2008, codified at Mich. Comp. Laws § 324.95151 *et seq.*; Michigan

Public Act 318 of 2008, codified at Mich. Comp. Laws § 324.95161 *et seq.*; and/or
Section 9.1(9) of the Michigan Department of Natural Resources' Wildlife
Conservation Order,[1] all of which speak for themselves and provide the best
evidence of their contents.  Any allegations contrary to their plain language and
meaning are denied.

109.    The Michigan Defendants deny the allegations contained in the first
sentence of Paragraph 109.  The allegations contained in the second sentence of
Paragraph 109 regarding "serious problems" are vague and ambiguous and are
therefore denied.  The Michigan Defendants deny the allegations contained in the
third sentence of Paragraph 109, and aver that the gray wolf population in the
Western Great Lakes region has achieved the established recovery goals and that
its long-term survival is no longer threatened.  The Michigan Defendants further
aver that it is the rate of mortality, not the source of mortality, that is important,
and that wolf recovery in no way has been thwarted by human-caused wolf
mortality.

110.    The Michigan Defendants are without knowledge or information
sufficient to form a belief as to the truth of the allegations contained in the first
sentence of Paragraph 110, and on that basis deny them.  The allegations contained
in the second sentence of Paragraph 110 regarding "similar figures" are vague and
ambiguous and are therefore denied.  The Michigan Defendants deny the
allegations contained in the third sentence of Paragraph 110.  The Michigan

---

[1] *Available at*
http://www.michigan.gov/documents/dnr/wldlf_cnsrvtn_orders_382400_7.htm.

Defendants further aver that it is the rate of mortality, not the source of mortality, that is important, and that wolf recovery in no way has been thwarted by human-caused wolf mortality.

111.   The Michigan Defendants deny the allegations contained in the first and second sentences of Paragraph 111, and aver that the *Michigan Wolf Management Plan* provides that, following Federal delisting, the Michigan Defendants will continue to monitor and respond to the impact of disease on wolf health.  The Michigan Defendants further aver that State management does not affect the risk of disease.  The allegations in the third sentence of Paragraph 111 contain Plaintiffs' characterizations of the Wisconsin wolf management plan, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Although the Michigan Defendants admit that "wolves could suffer a significant decline if there were a severe mange outbreak," the Michigan Defendants again aver that State management does not affect the risk of disease, and further aver that there is no evidence to suggest that "a severe mange outbreak" is likely in the Western Great Lakes region.

112.   The first, third, fourth, and fifth sentences of Paragraph 112 contain Plaintiffs' characterizations of Federal Register notices, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  The Michigan Defendants deny the allegations contained in the second sentence of Paragraph 112 that the Recovery

Plan for the Eastern Timber Wolf is "out-of-date" and that the eastern timber wolf has "lost relevance," and further aver that the Recovery Plan was based on the wolf population that was present in the Western Great Lakes region at the time, regardless of taxonomy.  The Michigan Defendants deny the allegations contained in the sixth sentence of Paragraph 112 that FWS "now believes [the eastern timber wolf] to be a separate species that does not exist in the Great Lakes region."

## Claims for Relief

113.    The Michigan Defendants incorporate by reference each and every response to the allegations contained in Paragraphs numbered 1 through 112 above.

114-130.    The allegations in Paragraphs 114 through 130 contain Plaintiffs' characterizations of the ESA, Federal Register notices, and court decisions, which speak for themselves and provide the best evidence of their contents.  Any allegations contrary to their plain language and meaning are denied.  Further, the allegations in Paragraphs 114 through 130 are conclusions of law to which no response is required.  To the extent that a response is deemed required, the allegations in Paragraphs 114 through 130 are denied.

## Prayer for Relief and Conclusion

The remaining allegations in the Complaint constitute Plaintiffs' request for relief to which no further response is required.  The Michigan Defendants deny that Plaintiffs are entitled to any relief whatsoever.  Any of Plaintiffs' allegations not specifically admitted in the preceding Paragraphs are hereby denied.

WHEREFORE, the State of Michigan and the Michigan Department of

Natural Resources respectfully request that this Court enter judgment for the

Michigan Defendants, with the parties to bear their own costs and attorney fees.

Respectfully submitted,

Bill Schuette
Attorney General

/s/ Pamela J. Stevenson
Pamela J. Stevenson
(Mich. Bar No. P40373)
stevensonp@michigan.gov
Stephen D. Thill
(Mich. Bar No. P75808)
thills@michigan.gov
Assistant Attorneys General
Attorneys for State of Michigan and
Michigan Department of Natural
Resources
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 373-7540

Dated:  April ___, 2013

LF/Humane Society v US Fish and Wildlife/2013-0032710-B/Motion – MDNR's Motion to Intervene as Defendant – 2013 – 04-
22