**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE HUMANE SOCIETY OF THE
UNITED STATES, et al.


Plaintiffs,                                          Civil Action No. 13-00186 (BAH)

v.

SALLY JEWELL, SECRETARY OF THE          (Proposed) Answer To Complaint for
INTERIOR, et al.                                    Declaratory and Injunctive Relief


Federal Defendants,

and

HUNTER CONSERVATION COALITION

Applicant Defendant-Intervenors.


Defendant-Intervenor Applicants, the Hunter Conservation Coalition ("HCC"),[1] by and through counsel, answer, upon information and belief, the individually numbered paragraphs in the Complaint filed by Plaintiffs The Humane Society of the United States, Born Free USA, Help Our Wolves Live, and Friends of Animals and their Environment ("HSUS *et al.*") as follows:

## INTRODUCTION

1.   HCC admits that the allegations of Paragraph 1 of the Complaint describe the lawsuit filed by HSUS *et al.*  To the extent that the allegations of Paragraph 1 state conclusions of

---

[1] The Hunter Conservation Coalition consists of two sets of organizations, and each set is represented by its own counsel: (1) Safari Club International (SCI) and the National Rifle Association of America (NRA) (collectively SCI/NRA); and (2) the U.S. Sportsmen's Alliance Foundation (USSAF) joined by the following USSAF-affiliated organizational members and supporting organizations—the Wisconsin Bear Hunters Association (WBHA), the Michigan United Conservation Clubs (MUCC), the Wisconsin Bowhunters Association (WBH), the Upper Peninsula Bear Houndsmen Association (UPBHA), the Michigan Hunting Dog Federation (MHDF), and, and the Rocky Mountain Elk Foundation (RMEF) (an organization that has members and conducts conservation activities in Minnesota, Michigan and Wisconsin).

law, no response is required.  To the extent that the allegations of Paragraph 1 refer to, cite, quote and/or paraphrase statutory provisions, Federal Register Notices, and court rulings, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 1.

2.    HCC admits that gray wolves in the Great Lakes Region have recovered.  To the extent that any further response is required to the allegations of the first sentence of Paragraph 2 of the Complaint, HCC denies these allegations.  The second sentence paraphrases federal statutory law which is the best evidence of its own content.  Because the allegations of the second sentence state conclusions of law, no further response is required.  HCC denies the allegations of the third sentence of Paragraph 2 of the Complaint.  HCC admits that the states of Wisconsin and Minnesota have held their first wolf seasons, resulting in the sustainable take of wolves in these states.  To the extent that any further response is required to the fourth and fifth sentences of Paragraph 2, those allegations are denied.

3.    The first three sentences of Paragraph 3 of the Complaint paraphrases Minnesota's Wolf Management Plan and other Minnesota and Wisconsin laws and these documents are the best evidence of their own content.  To the extent that the fourth sentence of Paragraph 3 states conclusions of law, no response is required.  The fourth sentence paraphrases federal statutes.  Those statutes speak for themselves and are the best evidence of their own content.  HCC specifically denies the statement that the management practices of Minnesota and Wisconsin are biologically reckless.  To the extent that any further response is required, HCC denies the allegations of Paragraph 3.

4.    HCC lacks sufficient knowledge or information to determine the veracity of the statements in the first sentence of Paragraph 4 of the Complaint and for that reason, deny them.  Because the second sentence of Paragraph 4 states a conclusion of law, no response is required.  The second sentence paraphrases federal statutes, those statutes speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 4.

5.    HCC admits that the FWS has delisted the wolves of the Western Great Lakes Distinct Population Segment ("WGL-DPS") and has done so in accordance with the requirements of the ESA.  To the extent that the allegations of the second sentence of Paragraph 5 state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 5 attempt to paraphrase and/or characterize federal statutory provisions, those provisions speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, HCC denies the remaining allegations of Paragraph 5.

6.    HCC admits that on one previous occasion, the D.C. District Court remanded a rule to delist the WGL-DPS, seeking further explanation from the FWS as to its authority to create a distinct population segment for the purpose of delisting a species.  On one other occasion, the FWS voluntarily withdrew a WGL-DPS rule in order to conduct public

notice and comment.  To the extent that the allegations of Paragraph 6 attempt to selectively quote and paraphrase a judicial opinion, that opinion speaks for itself and is the best evidence of its own content.  Beyond this, HCC denies the allegations of Paragraph 6.

7.   To the extent that the allegations of Paragraph 7 of the Complaint state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 7 refer to, cite, quote and/or paraphrase the 2011 Delisting Rule, that regulations speaks for itself and is the best evidence of its own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 7.

8.   HCC admits that the area designated for the WGL-DPS includes portions of states other than Minnesota, Wisconsin and Michigan.  To the extent that the allegations of Paragraph 8 of the Complaint state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 8.

9.   To the extent that the allegations of Paragraph 9 of the Complaint state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 9.

10.  To the extent that the allegations of Paragraph 10 of the Complaint state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 10 refer to, cite, quote and/or paraphrase federal statutes, those statutes speak for themselves and are the best evidence of their own content.  HCC denies the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11.  To the extent that the allegations of Paragraph 11 of the Complaint attempt to characterize, paraphrase and/or quote federal statutes, those statutes speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 11 state conclusions of law, no response is required.  HCC lacks sufficient knowledge or information to form a belief as to the veracity of the statements of the third sentence of Paragraph 11, and therefore denies them.

12.  To the extent that the allegations of Paragraph 12 of the Complaint state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 12 refer to, cite, quote and/or paraphrase federal statutes, Court Rules, and judicial opinions, those documents speak for themselves and are the best evidence of their own content.  HCC lacks sufficient knowledge and/or information to form a belief as to the veracity of the remaining allegations of Paragraph 12 and for that reason deny them.  However, Defendants specifically deny that any violation occurred in this District,

## PARTIES

13.  HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 13 and for that reason deny them.

14. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 14 and for that reason deny them.

15. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 15 and for that reason deny them.

16. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 16 and for that reason deny them.

17. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of the first four sentences of Paragraph 17 and for that reason deny them. HCC denies the allegations of the fifth sentence of Paragraph 17 of the Complaint.

18. HCC denies the allegations of Paragraph 18 of the Complaint.

19. HCC denies that Kenneth Salazar is currently the Secretary of the Interior.   He has been replaced by Sally Jewell.  The remaining allegations of Paragraph 19 of the Complaint are conclusions of law to which no response is required.

## LEGAL FRAMEWORK

20. To the extent that the allegations of Paragraph 20 of the Complaint refer to, cite, quote and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 20 constitute conclusions of law, no further response is required.

21. To the extent that the allegations of Paragraph 21 of the Complaint refer to, cite, quote and/or paraphrase a federal statute that document speaks for itself and is the best evidence of its own content.  Because the allegations of Paragraph 21 state conclusions of law, no response is required.

22. To the extent that the allegations of Paragraph 22 of the Complaint refer to, cite, quote and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 22 state conclusions of law, no response is required.

23. To the extent that the allegations of Paragraph 23 of the Complaint refer to, cite, quote and/or paraphrase a federal statute, that document speaks for itself and is the best evidence of its own content.  Because the allegations of Paragraph 23 state conclusions of law, no response is required.

24. To the extent that the allegations of Paragraph 24 state conclusions of law, no response is required.  To the extent a response is required, HCC denies the allegations of paragraph 24 of the Complaint.

25.  To the extent that the allegations of Paragraph 25 of the Complaint refer to, cite, quote and/or paraphrase a federal statute and federal regulation, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 25 state conclusions of law, no response is required.

26.  To the extent that the allegations of Paragraph 26 of the Complaint refer to, cite, quote and/or paraphrase a federal statute and federal regulation, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 26 state conclusions of law, no response is required.

27.  To the extent that the allegations of Paragraph 27 of the Complaint refer to, cite, quote and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 27 state conclusions of law, no response is required.

28.  To the extent that the allegations of Paragraph 28 of the Complaint refer to, cite, quote and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 28 state conclusions of law, no response is required.

29.  To the extent that the allegations of Paragraph 29 of the Complaint attempt to characterize, refer to, cite, quote and/or paraphrase a federal statute and federal regulation, those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 29 state conclusions of law, no response is required.

30.  To the extent that the allegations of the first sentence of Paragraph 30 of the Complaint state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 30 refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent any further response is required, the allegations of Paragraph 30 are denied.

The Distinct Population Segment Policy

31.  To the extent that the allegations of Paragraph 31 of the Complaint refer to, cite, quote and/or paraphrase a federal statute, that document speaks for itself and is the best evidence of its own content.  Because the allegations of Paragraph 31 state conclusions of law, no response is required.

32.  To the extent that the allegations of Paragraph 32 of the Complaint attempt to characterize, refer to, cite, quote and/or paraphrase a federal statute and Federal Register notice, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 32 state conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

33.  To the extent that the allegations of Paragraph 33 of the Complaint refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 33 state conclusions of law, no response is required.  To the extent a response is required, the allegations are denied as overbroad.

34.  To the extent that the allegations of Paragraph 34 of the Complaint refer to, cite, quote and/or paraphrase a Senate Report and a Federal Register notice those documents speak for themselves and are the best evidence of their own content.  Because the allegations of Paragraph 34 state conclusions of law, no response is required.

35.  To the extent that the allegations of Paragraph 35 refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  Because the allegations of Paragraph 35 state conclusions of law, no response is required.

36.  To the extent that the allegations of Paragraph 36 of the Complaint refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  Because that the allegations of Paragraph 36 state conclusions of law, no response is required.

37.  To the extent that the allegations of Paragraph 37 of the Complaint attempt to characterize, refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  Because the allegations of Paragraph 37 state conclusions of law, no response is required.

38.  To the extent that the allegations of Paragraph 38 of the Complaint attempt to characterize, refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of sentence one of Paragraph 38 state conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

39.  To the extent that the allegations of Paragraph 39 of the Complaint state conclusions of law, no response is required.  To the extent that any response is required, HCC denies the allegations of Paragraph 39.

The Administrative Procedure Act

40.  To the extent that the allegations of Paragraph 40 of the Complaint attempt to characterize, refer to, cite, and/or paraphrase federal statutes, those documents speak for themselves and are the best evidence of its own content.  Because the allegations of Paragraph 40 state conclusions of law, no response is required.

41.  To the extent that the allegations of Paragraph 41 of the Complaint attempt to characterize, refer to, cite, and/or paraphrase a federal statute, that document speaks for

itself and is the best evidence of its own content.  Because the allegations of Paragraph 41 state conclusions of law, no response is required.

## FACTUAL BACKGROUND

### Gray Wolf Biology

42.  HCC admits the allegations of the first, second, third and fifth sentences of Paragraph 42 of the Complaint.  SCI/NRA also admit that some wolves prey on livestock. HCC lacks sufficient knowledge or information to form a belief as to the truth of the remaining statements in the fourth sentence of Paragraph 42 and for that reason deny them.

43.  As HSUS et al. cite no authority for the allegations included in Paragraph 43 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

44.  As HSUS et al. cite no authority for the allegations included in Paragraph 44 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

45.  As HSUS et al. cite no authority for the allegations included in Paragraph 45 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

46.  HCC admits that wolves have been known to disperse more than 500 miles.  However, as HSUS et al. cite no authority for the remaining allegations of Paragraph 46 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

47.  As HSUS et al. cite no authority for the allegations included in Paragraph 47 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

48.  As HSUS et al. cite no authority for the allegations included in Paragraph 48 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

49.  To the extent that Paragraph 49 of the Complaint attempts to refer to, cite, quote and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  HCC generally admit that a major population of grey wolves is centered in Minnesota, Wisconsin, and the Upper Peninsula of Michigan.  Any other allegations of Paragraph 49 are denied as HCC lacks sufficient knowledge or information to form a belief as to their veracity.

50. As HSUS et al. cite no authority for the allegations included in Paragraph 50 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations of Paragraph 50, and for that reason deny them.

The Ecological Significance of the Gray Wolf

51. As HSUS et al. cite no authority for the allegations included in Paragraph 51 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to those allegations and for that reason deny them.

52. As HSUS et al. cite no authority for the allegations included in Paragraph 52 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

53. As HSUS et al. cite no authority for the allegations included in Paragraph 53 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

54. As HSUS et al. cite no authority for the factual allegations included in Paragraph 54 of the Complaint , HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.  To the extent that the allegations in Paragraph 54 attempt to characterize, refer to, cite, quote, and/or paraphrase a federal statute and House of Representatives Report, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations in sentence 3 of Paragraph 54 are conclusions of law, no response is required.

55. As HSUS et al. cite no authority for the allegations included in Paragraph 55 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations, and for that reason deny them.

56. As HSUS et al. cite no authority for the allegations included in Paragraph 56 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations, and for that reason deny them.

57. As HSUS et al. cite no authority for the allegations included in Paragraph 57 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations, and for that reason deny them.

58. To the extent that the allegations in the fourth and fifth sentences of Paragraph 58 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice and a U.S. Fish and Wildlife Service document, those documents speak for themselves and are the best evidence of their own content.  HCC lacks sufficient knowledge or information to form a belief as to the veracity of the factual allegations of Paragraph 58.  To the extent that any further response is required, HCC denies the allegations of Paragraph 58.

59.   As HSUS et al. cite no authority for the allegations of Paragraph 59 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

60.   As HSUS et al. cite no authority for the allegations of Paragraph 60 of the Complaint, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

Wolf Recovery

61.   To the extent that the allegations in Paragraph 61 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a federal statute and Federal Register notice, those documents speak for themselves and are the best evidence of their own content.  HCC admits that the FWS originally listed the gray wolves of the Western Great Lakes as threatened (in Minnesota), independently of the listing of other populations of gray wolves in the conterminous 48 states. To the extent that any further response is required, HCC denies the allegations of Paragraph 61.

62.   As HSUS et al. cite no authority for the allegations of Paragraph 62 of the Complaint or any specific time period to which the allegation relates, HCC lacks sufficient knowledge or information to form a belief as to the veracity of those allegations and for that reason deny them.

63.   To the extent that the allegations in Paragraph 63 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that Paragraph 63 states conclusions of law, no response is required.  To the extent of any further response is required, the allegations are denied.  HCC specifically denies that gray wolves have been listed as "endangered" and "threatened" throughout the conterminous United States and Minnesota for the last 30 years.   In fact, the U.S. Fish and Wildlife Service has designated multiple nonessential experimental populations of gray wolves in the United States (which are a separate classification from endangered or threatened status).  In addition, the gray wolves of the Northern Rocky Mountain DPS have been delisted, as a DPS, in accordance with federal statute and regulations.

64.   HCC admits that the gray wolves of the WGL-DPS have recovered.  HCC denies that the recovery occurred in a "minuscule" part of the species' range.  The allegations of the third sentence of Paragraph 64 are denied.  Any other allegations of the paragraph are denied.

65.   HCC admits that the populations of wolves in the WGL-DPS grew and are growing.  HCC denies that the range in which these wolves live are "a tiny fraction of their historical homeland" and denies the causation allegation.  HCC lacks sufficient knowledge or information to form a belief as to the veracity of the remaining allegations of Paragraph 65 of the Complaint and for that reason denies them.

66. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 66 of the Complaint and for that reason deny them.

67. To the extent that the allegations of Paragraph 67 attempt to characterize or refer to federal statutes, judicial opinions, or agency rules, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, HCC denies the allegations of Paragraph 67.

68. To the extent that the allegations of Paragraph 68 attempt to characterize, refer to, cite, and/or paraphrase judicial opinions or agency rules, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 68 and for that reason, deny them.

69. To the extent that the allegations of Paragraph 69 attempt to characterize, refer to, cite, and/or paraphrase a judicial opinion that document speaks for itself and is the best evidence of its own content. To the extent that any further response is required, HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 69 and for that reason, deny them.

70. HCC admits that the FWS has achieved and acknowledged the recovery of the population of wolves within the WGL-DPS and has lawfully restored to the state wildlife authorities, management of the wolves within the DPS. To the extent that the allegations within Paragraph 70 of the Complaint state conclusions of law, no response is required. To the extent that any further response is required, HCC denies the allegations of Paragraph 70.

71. To the extent that the allegations of Paragraph 71 of the Complaint attempt to characterize, refer to, cite, and/or paraphrase Federal Register notices or agency rules, those documents speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 71 state conclusions of law, no response is required. To the extent any further response is required, the allegations are denied.

72. To the extent that the allegations of Paragraph 72 of the Complaint attempt to characterize, refer to, cite, and/or paraphrase federal regulations and judicial opinions, those documents speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 72 state conclusions of law, no response is required. To the extent that any further response is required, HCC denies the allegations of Paragraph 72.

73. To the extent that the allegations of Paragraph 73 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase federal regulations and judicial opinions, those documents speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 73 state conclusions of law, no response is required. To the extent that any further response is required, HCC denies the allegations of Paragraph 73.

74.  To the extent that the allegations of Paragraph 74 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase judicial opinions, federal statutes, federal register notices and permit applications and issuances, those documents speak for themselves and are the best evidence of their own content.  HCC specifically admits that the lethal removal of problem wolves will increase social tolerance for the population and will enhance the survival of the species.  To the extent that the allegations of Paragraph 74 state conclusions of law, no response is required. To the extent that any further response is required, HCC denies the allegations of Paragraph 74.

75.  To the extent that the allegations of Paragraph 75 of the Complaint attempt to characterize, refer to, cite, and/or paraphrase a Federal Register notice and federal regulations, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 75 state conclusions of law, no response is required. To the extent that any further response is required, HCC denies the allegations of Paragraph 75.

76.  To the extent that the allegations of  Paragraph 76 of the Complaint attempt to characterize, refer to cite, and/or paraphrase a Federal Register notice and federal regulations, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of  Paragraph 76 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 76.

77.  To the extent that the allegations of Paragraph 77 of the Complaint attempt to characterize, refer to cite, and/or paraphrase Federal Register notices and a federal regulation, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 77 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 77.

78.  To the extent that the allegations of Paragraph 78 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase court documents and judicial opinions, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 78.

79.  To the extent that the allegations of Paragraph 79 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a judicial opinion, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 79 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 79.

80.  To the extent that the allegations of Paragraph 80 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase Federal Register notices, agency

opinions,  agency press releases those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 80 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 80.

81.   To the extent that the allegations of Paragraph 81 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice and federal regulation, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 81 state conclusions of law, no response is required.   To the extent that any further response is required, HCC denies the allegations of Paragraph 81.

82.   To the extent that the allegations of Paragraph 82 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase judicial opinions, court documents and orders, or Federal Register notices, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 82 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 82.

The 2011 Delisting Rule

83.   To the extent that the allegations of Paragraph 83 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 83.

84.   To the extent that the allegations of the first sentence of Paragraph 84 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of the second and third sentences of Paragraph 84 and for that reason deny them.  To the extent that any further response is required, HCC denies the allegations of Paragraph 84.

85.   The allegations of Paragraph 85 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice and federal regulation, those documents speak for themselves and are the best evidence of their own content.  No response is required.

86.   To the extent that the allegations of Paragraph 86 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice and federal regulation, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 86 state conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

87. To the extent that the allegations of Paragraph 87 of the Complaint attempt to characterize, refer to, cite, quote and/or paraphrase Federal Register notices and federal rules, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 87 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 87, except that HCC states that the boundaries of the delisted areas are similar to the boundaries of the 2007 and 2009 delisting orders.

88. To the extent that the allegations of Paragraph 88 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 88 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 88.

89. To the extent that the allegations of Paragraph 89 of the Complaint state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 89.

90. To the extent that the allegations of Paragraph 90 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a judicial opinion or a Federal Register notice, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 90 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 90.

91. To the extent that the allegations of Paragraph 91 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a federal statute or a Federal Register notice, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 91 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 91.

92. The allegations of Paragraph 92 of the Complaint are denied.

93. The allegations of Paragraph 93 of the Complaint are denied.

94. The allegations of Paragraph 94 of the Complaint are denied.

95. The allegations of Paragraph 95 of the Complaint are denied.

96. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 96 of the Complaint and for that reason deny them.

97. The allegations of Paragraph 97 of the Complaint are denied.

98.  The allegations of Paragraph 98 of the Complaint are denied.

99.  The allegations of Paragraph 99 of the Complaint are denied.

100. To the extent that the allegations of Paragraph 100 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 100 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 100.

101. The allegations of Paragraph 101 of the Complaint are denied.

102. The allegations of Paragraph 102 of the Complaint are denied.

103. The allegations of Paragraph 103 of the Complaint are denied.

104. To the extent that the allegations of Paragraph 104 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase state management plans, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 104 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 104.

105. The allegations of Paragraph 105 of the Complaint are denied.

106. The allegations of Paragraph 106 of the Complaint are denied.

107. To the extent that the allegations of Paragraph 107 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase state management plans, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 107 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 107.

108. To the extent that the allegations of Paragraph 108 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase state management plans those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of Paragraph 108 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 108.

109. The allegations of Paragraph 109 of the Complaint are denied.

110. HCC lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of the first two sentences of Paragraph 110 of the Complaint and for that reason deny them.  HCC denies the allegations of the third sentence in Paragraph 110.

111. The allegations of Paragraph 111 of the Complaint are denied.

112. To the extent that the allegations of Paragraph 112 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase Federal Register notices, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of the last sentence of Paragraph 112 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 112.

## CLAIMS FOR RELIEF

## <u>COUNT I</u>

113. HCC restates and incorporates all their responses to Paragraphs 1–112.

114. To the extent that the allegations of Paragraph 114 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a federal statute, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 114 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 114.

115. To the extent that the allegations of Paragraph 115 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase a Federal Register notice, that document speaks for itself and is the best evidence of its own content.  To the extent that the allegations of Paragraph 115 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 115.

116. The allegations of Paragraph 116 of the Complaint are denied.

117. The allegations of Paragraph 117 of the Complaint are denied.

118. The allegations of Paragraph 118 of the Complaint are denied.

119. The allegations of Paragraph 109 of the Complaint are denied.

120. The allegations of Paragraph 120 of the Complaint are denied.

## COUNT II

121. HCC restates and incorporates all their responses to Paragraphs 1–120.

122. To the extent that the allegations of Paragraph 122 of the Complaint state conclusions of law, no response is required.  To the extent that the allegations of Paragraph 122 attempt to characterize, refer to, cite, quote, and/or paraphrase Federal Register notices and federal statutes, those documents speak for themselves and are the best evidence of their own content.  To the extent that any further response is required, HCC denies the allegations of Paragraph 122.

123. The allegations of paragraph 123 of the Complaint are denied.

124. The allegations of Paragraph 124 of the Complaint are denied.

125. The allegations of Paragraph 125 of the Complaint are denied.

126. The allegations of Paragraph 126 of the Complaint are denied.

## COUNT III

127. HCC restates and incorporates all their responses to Paragraphs 1–126.

128. The allegations of Paragraph 128 of the Complaint are denied.

129. To the extent that the allegations of Paragraph 129 of the Complaint attempt to characterize, refer to, cite, quote, and/or paraphrase Federal Register notices, those documents speak for themselves and are the best evidence of their own content.  To the extent that the allegations of the last sentence of Paragraph 129 state conclusions of law, no response is required.  To the extent that any further response is required, HCC denies the allegations of Paragraph 129.

130. The allegations of Paragraph 130 of the Complaint are denied.

### PRAYER FOR RELIEF

The final paragraphs of the Complaint consist of a prayer for relief to which no further response is required.  To the extent that any response is required, HCC denies the prayer for relief.

Any allegations not expressly admitted or responded to above are hereby denied.

## AFFIRMATIVE DEFENSES

Without taking on the burden of proof on a matter on which that burden properly rests on

HSUS Plaintiffs, HCC states that the following matters bar some or all of HSUS Plaintiffs'

claims:

1. Plaintiffs fail to state a claim for which relief may be granted.

2. Plaintiffs have failed to demonstrate standing to assert some or all of their claims.

3. This Court may lack jurisdiction over some or all of Plaintiffs' claims.

4. Some of Plaintiffs' claims may have not been filed within the applicable statute of limitations.

5. Some or all of Plaintiffs' claims may not be ripe for review.

6. In their decision to delist the wolves of the WGL DPS, the U.S. Fish and Wildlife Service (Service) complied with the mandates of the Endangered Species Act, and based their finding on the best scientific and commercial data available that none of the five risk factors identified in 16 U.S.C. §1533(1)(a) qualified the WGL DPS wolf population for endangered (or threatened) status.

7. In their decision to delist the wolves of the WGL DPS, the Service made their finding "after conducting a review of the status of the species and after taking into account those efforts, if any, being made by any State or foreign nation, or any political subdivision of a State or foreign nation, to protect such species, whether by predator control, protection of habitat and food supply, or other conservation practices. . ." 16 U.S.C. §1533 (b)(1)(A).

8. By transferring management authority for the wolves of the WGL DPS to the states of Michigan, Minnesota and Wisconsin, the Service properly acknowledged the role that sustainable hunting can play in the management of predator populations during the period of post-delisting monitoring, identified in 16 U.S.C. §1533(g)(1).

10. HCC reserves the right to name additional affirmative defenses as they may be discovered after filing of this [Proposed] Answer and before the final resolution of this matter.

WHEREFORE, HCC respectfully requests that this Court enter judgment in their favor and in favor of the Federal Defendants on Plaintiffs' complaints and grant HCC all other appropriate relief.


Dated this 23nd day of April, 2013.



Respectfully Submitted,


/s/ Anna M. Seidman
Anna M. Seidman
D.C. Bar # 417091
Douglas S. Burdin
D.C. Bar # 434107
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
aseidman@safariclub.org
*Attorneys for Proposed Defendant-Intervenor*
*Safari Club International*


/s/ Chris Conte
Christopher A. Conte
D.C. Bar # 430480
NRA/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
cconte@nrahq.org
jbaranowski@nrahq.org
*Attorneys for Proposed Defendant-Intervenor*
*National Rifle Association of America*

/s/ James H. Lister
James H. Lister
D.C. Bar # 447878
William P. Horn
D.C. Bar # 375666
Carissa D. Siebeneck
D.C. Bar # 1007526
Birch Horton Bittner and Cherot, PC
1155 Connecticut Avenue, NW
Suite 1200
Washington, DC  20036
Telephone: (202) 659-5800
Facsimile (202) 659-1027
whorn@dc.bhb.com
jlister@dc.bhb.com
Attorneys for Proposed Defendant-Intervenors:
*U.S. Sportsmen's Alliance Foundation;*
*Wisconsin Bear Hunters Association;*
*Michigan United Conservation Clubs;*
*Wisconsin Bowhunters Association;*
*Upper Peninsula Bear Houndsmen*
*Association; Michigan Hunting Dog*
*Federation; and Rocky Mountain Elk*
*Foundation*