UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SALLY JEWELL,[1] et al.,<br><br>    Defendants. | Civil Action No. 1:13-cv-00186-BAH<br><br>JOINT REPORT AND PROPOSED BRIEFING SCHEDULE<br>(CASE EXEMPT BY LOCAL CIVIL RULE 16.3(d)) |

Pursuant to the Court's standing order, the Parties hereby move the Court to adopt the schedule set forth below, which the Parties have negotiated in order to provide the Court with adequate time to consider and rule on the issues in the case.

**Exempt Action**

Because this is an action "for review on an administrative record," LCvR 16(b), the Parties agree that they are excused from compliance with the requirements of Civil Local Rule 16(c) and from initial disclosures under Federal Rule of Civil Procedure 26(a)(1). *See* Fed. R. Civ. P. 26(a)(1)(B)(I); LCvR 16(b).

**Administrative Record & Record Motions**

The Parties agree that Federal Defendants may manually lodge the Administrative Record in electronic format (CD or DVD) and not in paper format.

Plaintiffs reserve the right to file a motion to compel completion of the administrative record or a motion to supplement the record with extra-record documents, no later than the date provided for such a motion in the schedule set out below. Prior to filing any such motion,

---

[1] Sally Jewell is substituted automatically. *See* Fed. R. Civ. P. 25(d).

Plaintiffs agree to informally provide their objections by the date set forth below and to meet and confer with Federal Defendants in an attempt to resolve these issues without motion practice. If no motions to complete or supplement the administrative record are filed, the Parties (and any intervenors or amici) will file their summary judgment briefing using the schedule below.  If there are motions to compel completion/supplement the record, the Parties agree that briefing on cross motions for summary judgment will be stayed pending resolution of those motions, and the Parties will file a proposed briefing schedule within 10 days after the Court acts on those motions to compel completion/supplement the record.

**Proposed Briefing Schedule for Motions for Summary Judgment**

The Parties present the following proposed briefing schedule on their cross motions for summary judgment and request a hearing date as soon as possible after the briefs are filed. The Parties request oral argument on their motions.

The Parties have agreed to the following portion of the schedule and respectfully jointly move the Court for its adoption in this litigation:

| | |
|---|---|
| Federal Defendants lodge Administrative Record | 6/17/2013 |
| Plaintiffs informally object to contents of Administrative Record | 7/15/2013 (if needed) |
| Plaintiffs move to compel completion of the Administrative Record or to supplement the Record with extra-record documents | 8/1/2013 (if needed) |
| Plaintiffs file Motion for Summary Judgment | 8/1/2013 (45 pages) |
| Federal Defendants file Opposition/Cross Motion for Summary Judgment | 9/12/2013 (45 pages) |

The Parties, however, disagree as to briefing deadlines for proposed Defendant Intervenors. Federal Defendants support staggered briefing as follows (and, if staggered briefing is adopted, also do not object to possible reductions in page limits for the Defendant Intervenor briefs) to reduce duplication in arguments and to promote judicial efficiency. Federal Defendants have conferred with Defendant Intervenors, who support this request for staggered briefing.[2] Plaintiffs oppose staggered briefing because it would create a potential for unfairness, provide Plaintiffs with less time to review three of the four sets of briefs to which it will need to respond, Federal Defendants and proposed Defendant Intervenors have clearly been able to communicate about briefing issues and so can clearly discuss ways to prevent duplicative arguments even if a uniform set of dates is applied to the filing of the briefing in this matter.  (Plaintiffs further set out their position on this issue in their response to proposed Defendant Intervenors' motions, which response will be filed later this week.)

The alternative proposals are as follows:

Federal Defendants (indicated in Proposed Order as Schedule I):

| | |
|---|---|
| Proposed Defendant-Intervenors file Opposition/Cross-Motion for Summary Judgment | 9/19/2013 (< 45 pages) |
| Plaintiffs file combined Opposition/Reply | 10/3/2013 (60 pages) |
| Federal Defendants file Reply | 10/24/2013 (35 pages) |
| Proposed Defendant-Intervenors file Reply | 10/31/2013 (25 pages) |
| Plaintiffs file Joint Appendix per LCvR 7(n) | 11/14/2013 |

Plaintiffs (indicated in Proposed Order as Schedule II):

| | |
|---|---|
| Proposed Defendant-Intervenors file Opposition/Cross-Motion | 9/12/2013 |

---

[2] Proposed Defendant Intervenors will present their views on staggered briefing and page limitations in their Replies to the pending Motions for Intervention.

for Summary Judgment

| | |
|---|---|
| Plaintiffs file combined Opposition/Reply | 10/3/2013 (60 pages) |
| Federal Defendants/proposed Defendant-Intervenors file Reply | 10/24/2013 (35 pages) |
| Plaintiffs file Joint Appendix per LCvR 7(n) | 11/7/2013 |

**Page Limits**

As indicated, the Parties agree to follow the local rules regarding page limitations for opening briefs, but because of the number of proposed Defendant Intervenors, they propose that Plaintiffs be granted leave to file an overlength Opposition/Reply of 60 pages and, accordingly, Federal Defendants be granted leave to file an overlength Reply of 35 pages. The Parties, however, request leave from the Court to seek reasonable additional pages for these two briefs. The Parties will confer and endeavor to present any request for further pages as a stipulation for Court approval.

**Other Potential Motions**

Given that at least one of the western great lakes states (Wisconsin) is currently planning to hold a sport wolf hunting season with an opening day in 2013, and other states (e.g., Michigan, Minnesota) may also hold wolf sport hunting seasons with an opening day in 2013, Plaintiffs may bring a motion for temporary injunctive relief or a preliminary injunction if this case is not resolved before the opening day of the wolf hunting season in any of these states. Federal Defendants do not believe emergency relief is necessary and intend to oppose any such request. To facilitate resolution of any such motion, Plaintiffs agree to provide 7 days written notice before bringing any such motion to allow time for the parties to meet and confer to establish a briefing schedule for these motions without the need for Court intervention on scheduling. This notice requirement will be waived if no earlier hunt has yet been scheduled and

any of the Midwestern states listed above publicly announce the start of a sport wolf hunting season fewer than 7 days before it begins; under those circumstances, Plaintiffs shall provide notice as soon as practicable after they decide to bring such a motion.

**Court Appearances**

At the present time, the Parties do not anticipate a need for a Court appearance on scheduling matters. The Parties request a hearing on the motions for summary judgment and would like to reserve the right to request a Court appearance if any other motions are filed in the action.

Dated: May 6, 2013.

On Behalf of the Federal Defendants:

IGNACIA S. MORENO,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON,
Assistant Chief

/s/ *Andrea Gelatt*
ANDREA GELATT, Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7369
(202) 305-0210 | Fax: (202) 305-0275
andrea.gelatt@usdoj.gov
Attorneys for Federal Defendants

On Behalf of the Plaintiffs:

*/s/ Bruce Wagman* (as authorized)
Bruce A. Wagman, Esq.
SCHIFF HARDIN LLP
One Market, Spear Street Tower, 32nd Floor
San Francisco, CA 94105

(415) 901-8700 | Fax: (415) 901-8701
bwagman@schiffhardin.com
Attorneys for Plaintiffs