**Exhibit A**

**to the Association of Fish & Wildlife Agencies's
Motion to Participate as Amicus Curiae
No. CV-00186-BAH**

**RESOLUTION #2005-1**
**PROMOTING A NATIONAL INITIATIVE FOR FISH AND WILDLIFE HEALTH**

**WHEREAS,** the Vision of the International Association of Fish and Wildlife Agencies is: Healthy fish and wildlife resources throughout North America managed by effective, well-funded fish and wildlife agencies supported by informed and involved citizens; and

**WHEREAS,** the Mission of the Association is to: Protect state authority and support provincial and territorial authority for wildlife conservation; promote sound resource management; and strengthen federal, state, provincial, territorial and private cooperation in conserving fish and wildlife and their habitats in the public interest; and

**WHEREAS,** the Association formally endorsed the North American Model at its 100-year anniversary meeting September 2002 in Big Sky, Montana, and adopted recommendations endorsing the North American Model; and

**WHEREAS,** several significant diseases, such as bovine tuberculosis, bovine brucellosis, chronic wasting disease, West Nile virus, whirling disease, and others have been known to infect both wild and farmed fish and wildlife populations and occur throughout North America; and

**WHEREAS,** disease issues continue to gain increasing importance and attention from fish and wildlife management agencies; and

**WHEREAS,** successfully addressing disease issues requires collaboration among fish and wildlife management jurisdictions;

**NOW, THEREFORE BE IT RESOLVED,** that a state/federal task force group be formed under the leadership of the International Association of Fish and Wildlife Agencies to develop a national fish and wildlife health initiative;

**BE IT FURTHER RESOLVED,** that the task force interact with fish and wildlife agencies of Canada and Mexico to develop a North American Initiative for fish and wildlife health.

2

**Exhibit B**

**to the Association of Fish & Wildlife Agencies's
Motion to Participate as Amicus Curiae
No. CV-00186-BAH**

## RESOLUTIONS ADOPTED
*(September 13, 1978)*

### Resolution No. 1

#### Authority for Management of Fish and Resident Wildlife

WHEREAS, the primary authority to protect and manage fish and resident wildlife within their borders resides in the states; and

WHEREAS, in recent years there has occurred at the national level a series of events which has unnecessarily pre-empted state authority over fish and resident wildlife, some of which have even been harmful to the resource in whose name the measures have been taken, to wit:

1. The Marine Mammal Protection Act of 1972 pre-empted management of marine mammals by the Coastal States. A federal administrative law judge last year found that federal enforcement of MMPA provisions had been ineffective in Alaska which has large and important concentrations of marine mammals; that the lack of control after state management has been pre-empted had resulted in abuse and much unnecessary, wasteful, and harmful harvesting; and that federal management existed in name only, administration being hampered by decision making located at the seat of national government thousands of miles from the sites of marine mammal populations;

2. U.S. delegations to international wildlife conventions, whose decisions are binding on the United States, have not always included state representatives. A report authored by 12 scientists expert in the biology and management of terrestrial furbearers state that in their opinion the 1976 placement of bobcat, lynx, and river otter in Appendix II of the Convention on International Trade in Endangered Species of Wild Fauna and Flora was accomplished "for political rather than biological reasons." They added: "Furthermore, we are concerned that neither states nor recognized authorities in the status of the subject species were consulted before the inclusion of the species in Appendix II." This particular action restricts the legitimate use of valuable state resources. While now admitted by federal wildlife officials to be biologically unsound, it is claimed that the improper listings cannot be rectified without the presentation of comprehensive evidence;

3. Attempts by Alaska to protect its declining caribou herds by reducing wolf populations which prey on the caribou have been enjoined by a federal court sitting at the seat of the nation's capitol. Declining to consider the state an essential party to the litigation, the court stated that the interest of the state in the management of wildlife was not sufficiently substantial to require that it be a party to the action;

4. Advocacy of preferential Indian fishing rights by the national government, first in the Pacific Northwest and now in Michigan

121

4

and other states, has caused confusion and undermined state authority to preserve and regulate the exploitation of important natural resources. Federal litigation has been instituted with no assessment of environmental consequences as in the Boldt decision;

5. At a seminar on wildlife law and policy held last May at the seat of national government, a senior advisor to the Council on Environmental Quality advised those in attendance that the states could not be entrusted with management of wildlife on federally owned lands and that policy should emanate from the seat of national government with the states as agents to carry out this policy; and

6. P.L. 93-205, the Endangered Species Act of 1973, has also created problems in the management of wildlife for several states; and

WHEREAS, the maintenance of a healthy federal system has two aspects, the first that states be alert to the legitimate needs of their citizens lest more and more of the business of government fall on the national government, and the second, that national government refrain from taking over activity that the states are competently performing lest the vitality of federalism be undermined;

NOW, THEREFORE, BE IT RESOLVED, that the International Association of Fish and Wildlife Agencies, at its annual convention in Baltimore, September 13, 1978, in the strongest possible terms rejects the concept that states cannot be trusted to manage and protect the fish and resident wildlife found within their borders and calls upon the Congress to: (1) carefully scrutinize the necessity of legislative proposals which would pre-empt state authority over fish and resident wildlife; (2) vigorously exercise its oversight functions with respect to biologically unsound measures taken by U.S. delegations at international wildlife conventions; and (3) bear in mind that the task of managing and protecting the fish and wildlife resource cannot be accomplished without the forging of a true partnership between federal and state governments.

### Resolution No. 2

### Removal of Species from Appendix II of CITES

WHEREAS, bobcat, lynx, and river otter were included on Appendix II of the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES) at Berne in 1976; and

WHEREAS, it is commonly understood that these species were listed with little or no supporting information; and

WHEREAS, the improvident action taken at Berne in listing these species has undermined the integrity of the convention; and

WHEREAS, such action has required the states of the United States where these species are harvested to direct limited resources away from priority needs of other wildlife populations; and

WHEREAS, the data on these species appear to meet the Berne criteria and Article II requirements of the Convention for delisting.

WHEREAS, the next meeting of the Conference of the Parties to CITES is scheduled for March 1979 in Costa Rica: