# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., | ) ) ) | Civil Action No. 1:13-cv-00186-BAH |
| Plaintiffs, | ) ) | **Federal Defendants' Position in Favor of** |
| v. | ) ) | **Bifurcated Briefing** |
| S.M.R. JEWELL, et al., | ) ) | |
| Defendants. | ) ) ) | |

Federal Defendants respectfully submit the following statement in response to the Court's recent Minute Order requesting the Parties' positions on whether the Court should bifurcate remedy briefing in the captioned litigation "if the plaintiffs' [Administrative Procedure Act] ("APA") challenge is found to be meritorious." *See* Min. Order (Sept. 19, 2014). Because of the violation-dependent nature of the remedies available to the Court, Federal Defendants support bifurcated briefing.

### Memorandum in Support of Position Statement

The APA provides that, if agency action is found to be arbitrary and capricious, the Court shall "hold unlawful and set aside [such] agency action." 5 U.S.C. § 706(2)(A); *North Carolina Fisheries Ass'n v. Gutierrez*, 550 F.3d 16, 20 (D.C. Cir. 2008). The APA also states, however, that "[n]othing [in the APA's judicial review provisions] affects . . . the power or duty of the court to . . . deny relief on any . . . appropriate legal or equitable ground." 5 U.S.C. § 702. A court therefore retains its equitable discretion to grant or withhold vacatur of a rule where it finds an error of law. *See id.*; *Advocates for Highway & Auto Safety v. Federal Motor Carrier Safety Admin.*, 429 F.3d 1136, 1151 (D.C. Cir. 2005) ("While unsupported agency action normally warrants vacatur . . . , this court is not without discretion.") (citation omitted); *see also Sierra Forest Legacy v. Sherman*,

1

951 F. Supp. 2d 1100, 1106 (E.D. Cal. 2013) ("Nothing in the Administrative Procedure Act, which provides the basis for review of the [challenged action] restricts the range of equitable remedies available to the Court, including the issuance of declaratory relief without setting aside the agency action.").

Because of this broad discretion, Federal Defendants support bifurcated remedy briefing so that the parties may address remedy based on the nature of the error found by the Court, should any error be found. *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (equitable relief must be narrowly tailored to the precise violation found); *Nebraska Dep't of Health & Human Servs. v. Department of Health & Human Servs.*, 435 F.3d 326, 330 (D.C. Cir. 2006) (explaining that vacatur decisions must be narrowly tailored). Courts in this district have approved many different equitable remedies for errors found under APA review. But, as explained below, whether any remedy is appropriate here and how it should be narrowly tailored to any violation that might be found, is difficult to brief without knowing the nature of the violation, if any.

1.      For example, the Court may find that the Service has insufficiently explained its decisionmaking in the Final Rule, but the explanation may be discernable in the record. In this case, no equitable remedy is appropriate, and the rule may be upheld. *See, e.g.*, *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974) (stating that it is well recognized that a court should "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," even though the court might otherwise disagree) (citation omitted). Should the Court find an error of this type, Defendants will provide the Service's explanation in the administrative record.

2.      If the error is harmless, then the Court may leave the rule in place. The APA provides that when a court reviews a challenged agency action, "due account shall be taken of the rule of prejudicial error." 5 U.S.C. § 706. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409

(2009). Should the Court find an error of this type, it would be the Plaintiffs' burden to attempt to prove that it was harmful.

3.      The Court may find that part of the Final Rule is unclear and, therefore, it would be necessary to order a limited remand for further explanation before finally deciding the merits. That is, when an administrative record does not "disclose the factors that were considered or the Secretary's construction of the evidence it may be necessary for the District Court to require some explanation in order to determine if the Secretary acted within the scope of [her] authority and if the Secretary's action was justifiable under the applicable standard." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). The District Court, then, may "make such an inquiry. It may be that the Secretary can prepare formal findings including the information ... that will provide an adequate explanation for [her] action." *Id*. at 420; *see also Envt'l Def. Fund, Inc. v. Costle*, 657 F.2d 275, 285 (D.C. Cir. 1981) (if the administrative record is inadequate, "a court may 'obtain from the agency, either through affidavits or testimony, such additional explanations of the reasons for the agency decision as may prove necessary'") (citations omitted); *Checkosky v. SEC*, 23 F.3d 452, 463 (D.C. Cir. 1994) (Silberman, J., concurring) (citing some of the "many instances where [the court has] remanded to an agency for a better explanation *before finally deciding that the agency's action was arbitrary and capricious*") (emphasis added).

For example, recent decisions in this Court have remanded portions of an agency's decision for further explanation, without vacating the underlying action (or closing the case). *See, e.g.*, *Pub. Emps. for Envtl. Responsibility v. Beaudreu*, -- F. Supp. 2d. --, No. 10-cv-1067(RBW/DAR), 2014 WL 985394, at *42 (D.D.C. Mar. 14, 2014) (remanding incidental take statements to the consulting agencies for additional consideration of two matters and administratively closing case pending completion of the remands before entertaining supplemental summary judgment briefing); *see also* Order, No. 10-cv-1067(RBW/DAR), ECF No. 405, at 9-10 (D.D.C. Sept. 12, 2014) (attached as Exhibit 1) (explaining that during the remand ordered in March the Fish and Wildlife Service

confirmed its prior decisionmaking rather than completed a new action); *In re Polar Bear Endangered Species Act Listing & 4(d) Rule Litig.*, 794 F. Supp. 2d 65, 79 (D.D.C. 2011) (explaining that the Court found that it could not uphold the agency's explanation under *Chevron* step one, but permitted the agency to provide a memorandum of supplemental explanation regarding whether the rule could be justified given that the statutory language was ambiguous), *aff'd*, 709 F.3d 1 (D.C. Cir. 2013), *cert. denied sub nom., Safari Club Int'l v. Jewell*, 134 S. Ct. 310 (2013).

4.      Finally, the Court may find an APA violation that all parties agree is sufficient to warrant remand of the entire rulemaking, rather than just a portion as discussed above. As the Supreme Court has explained, when a decision may be clarified by the agency, proceeding to the merits without further explanation from the agency is error:

> "[W]e note that if the EPA's action was arbitrary and capricious, as the Ninth Circuit held, the proper course would have been to remand to the Agency for clarification of its reasons. … Indeed, the court below expressly recognized that this finding required it to "remand to the Agency for a plausible explanation of its decision, based on a single, coherent interpretation of the statute." App. to Pet. for Cert. in No. 06–340, at 28. But the Ninth Circuit did not take this course; instead, it jumped ahead to resolve the merits of the dispute. In so doing, it erroneously deprived the Agency of its usual administrative avenue for explaining and reconciling the arguably contradictory rationales that sometimes appear in the course of lengthy and complex administrative decisions."

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 657-58 (2007). However, even if remand is appropriate, courts must analyze whether to leave the Service's rule in place pending remand. *See, e.g.*, *American Forest Res. Council v. Ashe*, 946 F. Supp. 2d 1, 15 (D.D.C. 2013) (remanding without vacatur the Service's significance determination "for the limited purpose of determining whether central California murrelets 'interbreed when mature' with other murrelets in the DPS"); *Friends of Animals v. Salazar*, 04-1660-HHK (D.D.C. Jun. 22, 2009) (ECF No. 85-2) (attached as Exhibit 2) (remanding an Endangered Species Act § 10 rule allowing take of U.S. captive-bred antelopes, listed as endangered, without vacating); *Endangered Species Comm. of Bldg. Indus. Ass'n v. Babbitt*, 852 F. Supp. 32, 42-43 (D.D.C. 1994) (remanding listing

determination for violation of ESA without vacating while the agency provided the opportunity for notice and comment on certain previously unpublished research data).

The decision whether to vacate or not "depends on (1) the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and (2) the disruptive consequences of an interim change that may itself be changed." *Milk Train, Inc. v. Veneman*, 310 F.3d 747, 755-56 (D.C. Cir. 2002) (quoting *Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n*, 988 F.2d 146, 150-51 (D.C. Cir. 1993)). To evaluate whether remand without vacatur is the appropriate remedy, the Court must therefore address whether the agency may be able to justify its actions on remand and, without knowing the scope of the violation, it is difficult for the Service to brief the vacatur analysis. *See also Am. Forest Res. Council*, 946 F. Supp. 2d at 45-46 (remanding without vacatur because "it is plausible that further explanation on remand can redress the rule's deficiencies, or it might instead lead to vacatur, as has resulted in some similar cases. At this time, however, the Court is not in a position to fully assess the seriousness of the deficiencies or to predict whether or how the new designation will differ from the current designation.").

In short, given the variety of remedial options available to the Court and the violation-specific inquiry of which option is appropriate, Federal Defendants respectfully support and request bifurcated briefing on remedy, should the Court find any APA violation.

Dated: October 3, 2014                Respectfully submitted:

SAM HIRSCH,
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief
Wildlife & Marine Resources Section

/s/ *Andrea Gelatt*
Andrea Gelatt, Trial Attorney
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0388 | (202) 305-0275 (fax)
andrea.gelatt@usdoj.gov
*Attorneys for Federal Defendants*

Of Counsel:

Sharon Pudwill
Attorney Advisor
Twin Cities Field Solicitor's Office
5600 American Boulevard West, Suite 270
Bloomington, MN  55437-1173
(612) 713-7100 | (612) 713-7121 (fax)