**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE HUMANE SOCIETY OF THE UNITED STATES, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 13-00186 (BAH) |
| SALLY JEWELL, et al., | |
| Defendants, | |
| and | |
| HUNTER CONSERVATION COALITION, | |
| Defendant-Intervenors. | |

**HUNTER CONSERVATION COALITION'S RESPONSE TO
COURT'S SEPTEMBER 19, 2014 MINUTE ORDER REQUESTING THE PARTIES'
VIEWS ON WHETHER TO BIFURCATE LIABILITY AND REMEDY**

The Defendant-Intervenors making up the Hunter Conservation Coalition ("HCC")[1]

thank the Court for considering our request for the opportunity to brief remedy should the Court

find some non-harmless error by Federal Defendant Sally Jewell *et al*. ("Federal Defendants") in

this rulemaking.  The Court has treated that request as a motion to bifurcate briefing, and

requested comment from the parties.  (ECF Doc. 55.)  The key point stated in our summary

judgment briefing remains true today:

---

[1]    The Hunter Conservation Coalition consists of the U.S. Sportsmen's Alliance Foundation, Safari Club International, the National Rifle Association of America (NRA), the Wisconsin Bear Hunters Association, the Michigan United Conservation Clubs, the Wisconsin Bowhunters Association, the Upper Peninsula Bear Houndsmen Association, the Michigan Hunting Dog Federation, and the Rocky Mountain Elk Foundation.

> *"…[Because] it is difficult to brief remedy without having a liability finding in hand, the HCC respectfully request the opportunity to submit a supplemental brief on remedy should the Court find any non-harmless error by FWS in this case."*

Def.-Interven. HCC's Cross-Mot. Summ. J. at 42 (ECF Doc. 33).

Because the number of wolves in Minnesota, Wisconsin, and Michigan has exceeded the recovery plan targets by a very large margin for so many years, and because Federal Defendants thoroughly addressed the various legal and procedural issues in the rule *Revising the Listing of the Gray Wolf (Canis lupus) in the Western Great Lakes* ("delisting rule"), 76 Fed. Reg. 81666 (Dec. 28, 2011), HCC continues to support the rule

However, if this Court finds that Federal Defendants erred in some way in this complex rulemaking, the Court should order a remedy that is proportional to the error. *NAACP v. Sec. of Hous. & Urban Dev.*, 817 F.2d 149, 159 (1st Cir. 1987) ("A court, where it finds unlawful agency behavior, may tailor its remedy to the occasion"); *Allied-Signal, Inc. v. NRC*, 988 F.2d 146 (D.C. Cir. 1993) (discussing remedies short of vacating a rule).

To determine the correct remedy, the Court should bifurcate consideration of remedy from consideration of liability.  Fed. R. Civ. P. 42(b); *Robinson v. Sheriff of Cook County*, 167 F.3d 1155 (7th Cir. 1999).  Bifurcation is a well-established tool of judicial economy. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2nd Cir. 1990), *see Wright & Miller*, 9A Fed. Prac. & Proc. Civ. §2390 (3rd ed.) (2014).  This Court frequently orders supplemental briefing of remedy in judicial review cases. *See, e.g., In re Polar Bear Endangered Species Act Listing and §4(d) Litig.,* 818 F.Supp.2d 214, 225 (D.D.C. 2011); *Sierra Club v. U.S. Dep't of Agric., Rural Utilities Service,* 841 F.Supp.2d 349, 352 (D.D.C. 2012); *NACS v. Board of Governors of Fed. Reserve Sys.,* 958 F.Supp.2d 85, 115 (D.D.C. 2013), *rev'd on another issue,* 746 F.3d 474 (D.C. Cir. 2014).

This case is particularly appropriate for bifurcation permitting supplemental briefing of remedy, given the variety of claims made by Plaintiff, the variety of potential rulings on any specific agency "error," and the variety of remedies available for each potential ruling on the merits.[2]  It would have been neither efficient nor reasonably possible for the Defendants and/or Defendant-Intervenors to attempt to anticipate the appropriate remedy to address each of Plaintiffs' individual challenges, in the event that Plaintiffs prevailed on any particular challenge to the delisting rule.  Further, it would have been a waste of the Court's time to wade through such hypothetical alternative remedy briefing before the Court made any determination as to the validity of any portion of the delisting rule.

As parties who interact with wolves in the Western Great Lakes states in reliance on the challenged delisting rule, the members of the HCC have much at stake on the issue of remedy, and would greatly value the chance to brief remedy if this Court determines that further action is needed from Federal Defendants.  Further, the Western Great Lakes wolves have been under management by the Minnesota, Wisconsin, and Michigan State Departments of Natural Resources ("DNRs") for almost three years since delisting.   The State DNRs, which are Defendant Intervenors (Wisconsin and Michigan) or Amicus Curiae (Minnesota) in this case, have invested much effort in resources in managing wolves within their jurisdictions and also deserve a chance to brief remedy, should the Court find some error by FWS in delisting.

---

[2]      Plaintiffs allege a variety of errors and the potential remedies for each may differ significantly. Plaintiffs' varied claims include allegations of errors in drawing boundaries, in finding that there is one rather than two wolf species in the Western Great Lakes states, unreasonable statute interpretations, delisting wolves based on politics, and in recognizing and delisting a Distinct Population Segment at the same time. *See* Plaintiffs' Summary Judgment Memorandum (ECF Doc. 24).

WHEREFORE, the HCC respectfully requests that the Court bifurcate consideration of remedy from consideration of liability by providing all parties with an opportunity to brief remedy if the Court decides for any reason, not to uphold the delisting rule in its entirety.

Dated:  October 3, 2014

Respectfully Submitted,

Hunter Conservation Coalition Defendant-Intervenors


/s/Anna M. Seidman
Anna M. Seidman (D.C. Bar # 417091)
Douglas S. Burdin (D.C. Bar # 434107)
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202) 543-8733
Facsimile: (202) 543-1205
aseidman@safariclub.org
*Attorneys for Defendant-Intervenor*
*Safari Club International*

Christopher A. Conte (D.C. Bar # 430480)
NRA/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
cconte@nrahq.org
*Attorneys for Defendant-Intervenor*
*National Rifle Association of America*

John I. Kittel
U.S.D.C. for D.C. Bar No. WI0030
Mazur & Kittel, PLLC
30665 Northwestern Hwy. Ste. 175
Farmington Hills, MI  48334
Tel: (248) 432-8000
Fax (248) 432-8010
jkittel@mazur-kittel.com
*Co-Counsel for Defendant-Intervenor Michigan*
*Conservation Clubs and Rocky Mountain Elk*
*Foundation*

/s/James H. Lister
James H. Lister (D.C. Bar # 447878)
William P. Horn (D.C. Bar # 375666)
Carissa D. Siebeneck (D.C. Bar # 1007526)
Birch Horton Bittner and Cherot, PC
1156 15th Street, N.W., Suite 1020
Washington, D.C.  20005
Telephone: (202) 659-5800
Facsimile (202) 659-1027
whorn@dc.bhb.com; jlister@dc.bhb.com
csiebeneck@dc.bhb.com
*Attorneys for Defendant-Intervenors:*
*U.S. Sportsmen's Alliance Foundation;*
*Wisconsin Bear Hunters Association;*
*Michigan United Conservation Clubs;*
*Wisconsin Bowhunters Association;*
*Upper Peninsula Bear Houndsmen*
*Association; Michigan Hunting Dog*
*Federation; and Rocky Mountain Elk*
*Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was today served via the Court's CM/ECF system of all counsel of record.

Dated:  October 3, 2014

/s/ James H. Lister
James H. Lister
*Attorneys for Defendant-Intervenors:  U.S. Sportsmen's Alliance Foundation; Wisconsin Bear Hunters Association; Michigan United Conservation Clubs; Wisconsin Bowhunters Association; Upper Peninsula Bear Houndsmen Association; Michigan Hunting Dog Federation; and Rocky Mountain Elk Foundation*