**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **The Humane Society of the United States, et al.**<br><br>       Plaintiffs,<br><br>  v.<br><br>**Sally Jewell, Secretary of the Interior, et al.**<br><br>       Defendants,<br><br>  and<br><br>**State of Wisconsin, et al.**<br><br>       Defendants-Intervenors. | Civil Action No. 13-cv-00186-BAH<br><br>PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE RULE 54(d) MOTION RELATING TO ATTORNEY FEES AND COSTS |

**PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE RULE 54(d) MOTION RELATING TO ATTORNEY FEES AND COSTS**

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs The Humane Society of the United States, Born Free USA, Help Our Wolves Live, and Friends of Animals and Their Environment respectfully request that this Court grant an extension to file a motion under FRCP 54(d) relating to attorney fees and costs. The proposed motion is attached.

Pursuant to FRCP 54(d)(2)(B), the attached motion should have been filed no later than one business day ago, on January 2, 2015. For the reasons stated below, Plaintiffs request leave to file their motion out of time, on grounds of good cause and excusable neglect and because no other party to this action would be prejudiced by the late filing.

Counsel for Plaintiffs today requested the positions of all other parties regarding the relief requested in this motion. In response to Plaintiffs' inquiry, counsel for Federal Defendants stated that they "take no position on delaying fee briefing so that fees are briefed under the EAJA

1

deadlines," but they "reserve all defenses, including that any fee motion is untimely as to any claims for fees under the ESA, and [they] reserve [their] arguments on excusable neglect." At the time of filing, Plaintiffs' counsel had not received responses from counsel for the Intervenors.

**<u>Background</u>**

On December 19, 2014, the Court granted Plaintiffs' motion for summary judgment, and denied Defendants' and Defendant-Intervenors' cross-motions for summary judgment. Dkt. No. 53. In its memorandum opinion in support of the order on summary judgment, the Court found that the Federal Defendants' December 2011 rule removing wolves in the western Great Lakes region from the list of federally protected threatened and endangered species was arbitrary and capricious and otherwise unlawful under the federal Endangered Species Act ("ESA") and the federal Administrative Procedure Act ("APA"). Dkt. No. 52.

Under the Equal Access to Justice Act ("EAJA"), a prevailing party in an action against the United States is entitled to an award of attorney fees and costs absent a showing by the government that its position in the underlying litigation was substantially justified. 28 U.S.C. § 2412(d). A motion for attorney fees under EAJA must be filed within 30 days of the date that a judgment becomes "final and not appealable." *Id*. §§ 2412(d)(1)(B); (d)(2)(G). At this time, the December 19, 2014 judgment in Plaintiffs' favor is not "final and not appealable" because the time for Defendants to notice an appeal has not yet passed, and thus the deadline for filing a motion for attorney fees under EAJA has not yet passed.

However, while EAJA generally applies to any civil case brought against the United States or any agency or any official of the United States acting in his or her official capacity, it does not apply if another statute specifically provides for an award of attorney fees to the

prevailing party. *Id*. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute. . . ."). The ESA contains a provision governing the award of attorney fees to parties that prevail in claims brought pursuant to the ESA's "citizen suit provisions" found in 16 USC § 1540(g). *Id.* § 1540(g)(4) ("The court, in issuing any final order in any suit brought pursuant to [these citizen suit provisions], may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."). And because the ESA does not set forth a deadline by which motions for attorney fees must be filed, the process provided for in FRCP 54(d) applies. Under FRCP 54(d), "unless a statute or court order provides otherwise," a prevailing party has "14 days after the entry of judgment" in which to move for an award of attorney fees.

Plaintiffs believe that recovery of attorney fees may be appropriate under both the APA/EAJA and the ESA/FRCP 54(d), and therefore respectfully request that the Court extend this deadline for filing under FRCP 54(d), to allow for the immediate filing of the attached motion.

**Facts and Authorities in Support of Relief Requested**

Plaintiffs submit that this motion should be granted on grounds of good cause and excusable neglect. Counsel for Plaintiffs were cognizant of the fact that the 30-day deadline under the EAJA—generally applicable to civil cases brought against officials and agencies of the United States—had not yet passed. But over the last two weeks, counsel has also been reviewing whether there is an equally viable but independent grounds for recovery of attorney fees under the ESA and FRCP 54(d), based on the Court's findings that Federal Defendants had not followed the ESA's statutory mandates, in addition to acting in an arbitrary and capricious

3

manner. Thus, counsel should have filed the attached motion pursuant to FRCP 54(d)(2)(B)—to seek an extension of time for the filing of a motion for attorney fees and costs in case of appeal and/or to facilitate the possibility of settlement of any fee claim—within 14 days of the Court's judgment. Counsel's mistake in determining the applicable deadline was inadvertent, and partly a product of the presence of two overlapping fee award provisions, rather than a complete lack of due diligence. Further, the fact that the two weeks immediately following the issuance of the Court's judgment included the end-of-year holiday season, the fact that counsel for Plaintiffs were out of the office for most of these two weeks, and the difficulty of coordinating with the various clients during the holidays, all contributed to the failure to file a timely motion under FRCP 54(d) to preserve an independent, but nevertheless important, vehicle for potential recovery of attorney fees and costs under the ESA.

Importantly, the 14-day deadline in FRCP 54(d) is not jurisdictional and may be extended after the deadline has passed at the discretion of the Court. *See Summers v. Howard University*, 2006 WL 751316, 3-4 (D.D.C. 2006) (FRCP 54(d)(2)(B) "gives courts discretion to extend the 14 day period, stating that '[u]nless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment….'"); *see also U.S. v. Springer*, 447 Fed.Appx. 877, 879 (10th Cir. 2011) ("Under Fed.R.Civ.P. 6(b)(1)(B), after the 14–day period a district court may extend Rule 54(d)(2)(B)'s time limit 'on motion' for 'excusable neglect.'"), *citing Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005); *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 227-28 (2d. Cir. 2004); *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 664 (5th Cir. 2002); *Amarel v. Connell*, 102 F.3d 1494 (9th Cir. 1996).

Therefore, Plaintiffs respectfully request that the Court grant this motion to extend their deadline for filing a motion relating to attorney fees and costs under Rule 54(d) to allow for the immediate filing of the attached motion.

Dated: January 5, 2015

By:    */s/ Bruce A. Wagman*
Bruce A. Wagman, Admitted *pro hac vice*
bwagman@schiffhardin.com
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
(415) 901-8700
(415) 901-8701 (facsimile)

Ralph E. Henry, D.C. Bar No. 982586
rhenry@humanesociety.org
The Humane Society of the United States
2100 L Street, NW
Washington, DC 20037
(202) 452-1100
(202) 778-6132 (facsimile)

Attorneys for Plaintiffs The Humane Society of the United States, Born Free USA, Help Our Wolves Live, and Friends of Animals and Their Environment

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion for Extension of Time to File Rule 54(d) Motion Relating to Attorney Fees and Costs, and the attached Motion for Extension of Time to File Motion for Attorney Fees and Costs, was today served via the Court's CM/ECF system on all counsel of record on this 5th day of January, 2015.

                                                                         */s/ Bruce A. Wagman*

                                                                       Bruce A. Wagman

                                                                       Attorney for Plaintiffs The Humane Society of the United States, Born Free USA, Help Our Wolves Live, and Friends of Animals and Their Environment

1